IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


**MARLOW, LLC**                                                                     **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 2:10cv135KS-MTP**

**BELLSOUTH TELECOMMUNICATIONS, INC.**                 **DEFENDANT**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on Motion to Remand **[#2]** filed on behalf of the plaintiff. The court, having reviewed the motion, the response, the pleadings and exhibits on file and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied. The court specifically finds as follows:


## FACTUAL BACKGROUND

The plaintiff filed suit in Chancery Court of Forrest County seeking to quiet title to two relatively small areas of property over which the defendant, Bellsouth Telecommunications, Inc. ("Bellsouth"), has allegedly improperly exercised easements for eight years. The plaintiff is also seeking an injunction and claiming damages for trespass and for ejectment. Bellsouth timely removed the action to this court under the auspices of 28 U.S.C. § 1441 asserting diversity jurisdiction under 28 U.S.C. § 1332.

The subject property was transferred to plaintiff by Warranty Deed dated December 22, 2006, from Earl Burkett and Helen L. Burkett, husband and wife, who held the property as joint tenants with right of survivorship. The dimensions of the

easements are 42 x 40 feet and 10 x 315 feet, respectively.  In its quiet title action, the plaintiff alleges that the easements, which were signed by Earl Burkett in 2002, were never signed by the other joint tenant, Helen Burkett.  Therefore, the plaintiff argues that they are void as a matter of law.  The plaintiff also alleges trespass, seeking damages in the form of back rent and attorney fees.

## STANDARD OF REVIEW - REMAND

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that Court.  See *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

## ANALYSIS

The plaintiff argues that the amount in controversy requirement for diversity jurisdiction has not been satisfied.  In support the plaintiff cites the fact that its complaint does not allege an amount of damages.   A party seeking removal may not rely upon

"conclusory allegations, but must provide sufficient "summary judgment type" evidence to prove the amount in controversy." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771 (5th Cir.2003). If the complaint does not allege an amount of damages, the party invoking federal jurisdiction bears the burden of proof by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Haley v. Ford Motor Co.*, 398 F.Supp.2d 522 (S.D. Miss. 2005).

The Complaint in this matter seeks to quiet title and to recover damages for trespass, but it does not allege or seek any specific dollar amount in damages. The plaintiff has attached an affidavit to his motion to remand which attempts to explain that the damages being sought do not exceed $50,000. The plaintiff asserts that with damages limited to $50,000, the jurisdictional amount of $75,000 cannot be reached.

As to the timing of an affidavit or stipulation, it is beyond purview that the jurisdictional facts that support removal must be judged at the time of the removal. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). However, post-removal affidavits may be considered in determining the amount in controversy <u>at the time of removal</u>, if the basis for jurisdiction is ambiguous <u>at the time of removal</u>. *See Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir 2000)(emphasis added);(citing *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994), *abrogated on other grounds*, *Marathon Oil Co. v. A.G. Ruhrgas,* 145 F.3d 211 (5th Cir.1998)).

As to the effect of proper post-removal affidavits or stipulations limiting a plaintiff's recovery in state court, it is settled that such documents generally preclude

3

plaintiffs from seeking damages in excess of the limitation on remand either as a judicial admission, judicial estoppel or a matter of preclusion.  *See Arnold v. State Farm Fire and Cas. Co.*, 277 F.3d 772 (5th Cir. 2001)(citing *Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 762 (5th Cir.1994)).  While it is abundantly clear to this court that the plaintiff has now properly limited its potential recovery to an amount less than $75,000, as to damages, the inquiry does not end there.

The defendant has attached a May 14, 2010 letter from the plaintiff's counsel.  The letter states in pertinent part that any settlement "would also include an initial lump sum payment of $144,000.00 for the back rent…".  The final paragraph of the letter clearly indicates that this offer is only subject to settlement discussion "in the immediate range of the dollar figures offered by Marlow…".  The defendant has also provided affidavits from two Bellsouth employees who state that the costs of removing and relocating the Bellsouth equipment from the subject property would be as much as $130,000.00.

As set forth above, the defendant asserts that the cost of moving and relocating the equipment at issue is an element of the "amount in controversy."  In *Columbia Gas Transmission Corporation vs. Tarbuck* 62 F.3d 538 (1995), the Third Circuit addressed the issue as to whether cost of removing or relocating a gas pipeline would be considered in determining the amount in controversy in a suit for injunctive relief.  In *Columbia Gas,* the parties seeking remand argued that the "amount in controversy" consisted only of the cost to remove dirt from the pipeline, a position that the court declined to accept.  In determining whether the cost of relocating the pipe in question was an element of the amount in controversy the court determined that either the cost of raising the pipe in question or rerouting the pipe in question would be considered on the

4

issue of the "amount in controversy." *Columbia Gas*, 62 F.3d at 543.

Further, the "damages" figure referenced in the plaintiff's affidavit constitutes only a portion of the amount in controversy. The defendant has attached certified copies of the two subject easements granted to Bellsouth Telecommunications, Inc. The duration of these easements, is "forever and in perpetuity." An additional element of the "amount in controversy" is the future value of continued use of this easement property, contrary to the plaintiff's assertion otherwise. For instance, the plaintiff states in the settlement letter referenced above that it would be willing to "let a temporary interest in the two subject areas for annual payments of $18,000.00." If the court finds that the easements are void, the defendant will either have to pay the annual payments or remove and relocate its equipment. Thus, the amount in controversy must also include that potential cost as set out above. Therefore, the court concludes that diversity jurisdiction is appropriate in that the amount in controversy has been satisfied.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Remand **[#2]** filed on behalf of the plaintiffs is denied.

IT IS FURTHER ORDERED AND ADJUDGED that the stay previously imposed in this matter is lifted and that the parties shall contact Judge Parker within ten days of this order for the entry of a Case Management Order.

SO ORDERED AND ADJUDGED this the 13th day of July, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE