**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MARLOW LLC**                                                                               **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 2:10cv135-KS-MTP**

**BELLSOUTH TELECOMMUNICATIONS, INC., et al**                      **DEFENDANTS**

### ORDER ON MOTION TO COMPEL AND TO EXTEND EXPERT DEADLINES

This matter is before the court on the [53] Motion to Compel Discovery and to Extend Expert Deadlines filed by plaintiff Marlow, LLC ("Marlow"). The court, having carefully considered the motion and submissions of all parties, finds that the motion should be GRANTED IN PART and DENIED IN PART as set forth below.

### PROCEDURAL HISTORY

Marlow filed this action against Bellsouth Telecommunications, Inc. (BellSouth) in the Chancery Court of Forrest County on April 29, 2010. The complaint involves disputed easements in favor of BellSouth affecting property currently owned by Marlow. The easements were apparently conveyed to BellSouth by Marlow's predecessors in title. According to the complaint, defendants Earl Burkett and Helen L. Burkett[1] were the prior owners of the property as joint tenants with rights of survivorship and the property was their homestead. However, the disputed easements were signed only by Earl Burkett and not Helen L. Burkett. Insisting that Helen Burkett's signature was required to convey valid easements to BellSouth, Marlow's initial complaint sought to confirm its title to the property, to have the disputed easements set aside or cancelled, and to recover monetary damages.

BellSouth timely removed the matter to this court [1] [10] asserting diversity jurisdiction under 28 U.S.C. § 1332. Following the denial of Plaintiff's motion to remand [18], the court held a case management conference during which Plaintiff was granted leave to file an amended

---

[1]The Burketts were not originally named as defendants.


complaint. *See* [24]. The amended complaint [25], *inter alia*, added the Burketts as defendants as well as claims for slander of title and punitive damages arising out of an alleged effort by BellSouth to correct or resolve the matter by having Helen L. Burkett execute the disputed easements when she no longer had an ownership interest in the property at issue and then filing the easements of record.

Responding to the amended complaint, BellSouth asserted numerous affirmative defenses, including a defense that it "is not subject to punitive damages for relying upon the advice of counsel." *See* Answer [39], TWENTY-FIFTH DEFENSE.[2]  It is this defense which primarily gives rise to the instant motion to compel.

## THE MOTION TO COMPEL

The motion to compel [53], the response [58], and the reply [63] contain considerable "finger pointing" and a lot of back and forth over who said what and when. Aside perhaps from providing some context for the parties' positions and establishing that efforts were made to resolve the dispute prior to the motion, this to-and-fro appears largely irrelevant to the merits of the discovery dispute.[3]

Sifting through the submissions, it appears that the dispute centers around whether BellSouth has waived the attorney-client privilege by virtue of the twenty-fifth affirmative defense (advice of counsel as to the claim for punitive damages) referenced above and the scope of the waiver, if any. Marlow seeks a broad waiver and a privilege log. BellSouth argues for a more limited approach.

It is not entirely clear whether Marlow's concerns over BellSouth's refusal to provide all of its attorneys' records arise out of BellSouth's alleged failure to make initial disclosures or its failure to respond fully to a document request. The motion makes general reference to "all documentation

---

[2]Because of the introduction of the prospect of punitive damages, the number of affirmative defenses raised by BellSouth increased from eight to twenty six. *Compare* [17] *with* [32].

[3]The state of the record is such that it is difficult to determine the timing and sequence as to what discovery is outstanding or has been supplied. The court's goal here is to focus on the narrow issues raised by the motion to compel.

as required by the disclosure and discovery rules," [53] at para. 9, while the response refers to particular requests for the records of BellSouth's attorneys. Either way, the gist of the dispute is the same.

It is important to keep in mind that the scope and timing of BellSouth's initial disclosures under Fed. R. Civ. P. 26 differ from the duties imposed under a request for production of documents under Fed. R. Civ. P. 34.`[4] For example, as part of its initial disclosures BellSouth is obligated to produce or identify documents it "may use *to support its claims or defenses*...." Fed. R. Civ. P. 26(a)(1)(A)(ii). (Emphasis added). BellSouth is not necessarily required, as Marlow appears to suggest, to produce everything in its possession that may ultimately be discoverable at the pre-discovery disclosure stage. Conversely, BellSouth is required to produce all discoverable materials relating to its affirmative defenses, not just those it might rely on, in response to a request for production of documents. However, no particular document request is referenced in the motion.

The motion to compel seeks an order requiring BellSouth to produce all documents upon which it relies to substantiate its defenses, a waiver of "any privilege or protection" BellSouth would otherwise have or, alternatively, an order requiring BellSouth to submit a detailed privilege log.[5]

---

[4]Those differences account for much of the present dispute.

[5]If the motion to compel is based on a particular document request, it does not comply with L. U. Civ. R. 37(b), which requires a verbatim quote of each particular interrogatory, request for production, or request for admission to which the motion is addressed, followed by the objection, the grounds for the objection, and the reasons in support of the motion to compel. All that is attached to the motion is BellSouth's response to the first set of request for production of documents propounded by Marlow. The only specific request for production addressed in BellSouth's response to the motion to compel is request number 2, which the court can only surmise was part of Marlow's second set of request for production [49] because it does not match with request number 2 in the first set. The request at issue asks for "[a] complete copy of Doug Montague, Esquire's file as well as the file of any other attorney that rendered and/or participated in providing advice, joined in and/or approved said advice to BellSouth . . . as it pertains to any easements secured on the property that is at issue in this suit including but not limited to notes, emails, correspondence, pleadings, land documents, legal opinions, research, title opinions, copies of checks pertaining to consideration paid for easements and/or recording thereof." BellSouth has now submitted a privilege log.

The motion also seeks a lengthy extension of the expert designation deadlines following the court's ruling on this motion as well as an unrelated motion for summary judgment. Finally, the motion demands sanctions in the form of costs and expenses associated with the filing of the motion.

The court agrees with Marlow that BellSouth must disclose all records supporting the defenses that have been raised. Fed. R. Civ. P. 26(a)(i)(A)(ii). To the extent that any records of this nature have not been disclosed, the motion to compel is **GRANTED**. With the submission of the privilege log, the court considers any complaint about the failure to provide one as **MOOT**.

Marlow also seeks a wholesale waiver of the attorney-client privilege based on BellSouth raising the advice of counsel defense as to Marlow's demand for punitive damages. BellSouth takes the position that it can rely on the advice of counsel to defend a punitive damages claim without waiving the privilege. However, BellSouth acknowledges the concept of a limited waiver, *see Conkling v. Turner*, 883 F.2d 431 (5th Cir. 1989), and suggests "[a]s a practical matter, [Marlow's] request should be limited to documents concerning the easements secured on the property in July 2010,"[6] when efforts were made to obtain Helen Burkett's signature on the easements.

While Marlow introduced the subject of punitive damages, BellSouth interjected the idea of advice of counsel regarding the July 2010 transactions with Helen Burkett as one of its many defenses. Accordingly, it has waived the privilege with respect to those transactions. The court finds that the waiver of the attorney-client privilege, and the only advice of counsel that can be explored, is limited to the matters related to the July 2010 efforts to obtain easements from Helen Burkett. Documents related to those transactions and the decisions leading up to them must be produced. The privilege is not waived as to other issues or transactions. Therefore, in that regard, Marlow's motion to compel is **GRANTED IN PART** and **DENIED IN PART**.

That part of the motion asking for an extension of the expert deadlines establishes no real

---

[6]The Amended Complaint [25] was filed on August 25, 2010, and added counts for slander of title and gross and malicious conduct. An *ore tenus* request to amend the complaint made at a Case Management Conference on August 18 was granted.

4

relationship between Marlow not having some of BellSouth's attorneys' records (which apparently are sought primarily to address BellSouth's punitive damage defense) and Marlow's ability to designate experts, nor is any relationship readily apparent.  Likewise, no cause has been shown to suspend this deadline until Marlow's summary judgment motion is decided.  Nevertheless, as this ruling comes after Marlow's expert deadline, the court will extend the expert deadlines for approximately two weeks from the date of this order. The deadline for designation of plaintiff's experts shall be January 24, 2011, and the deadline for designation of defendants' experts shall be February 24, 2011.  Accordingly, Marlow's request for an extension of expert designation deadlines is **GRANTED IN PART** and **DENIED IN PART.**  Any documents ordered produced herein shall be produced on or before January 14, 2011.  Finally, Marlow's demand for sanctions is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2011.

s/ Michael T. Parker
United States Magistrate Judge