IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARLOW, LLC**                                                                                  **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 2:10cv135KS-MTP**

**BELLSOUTH TELECOMMUNICATIONS, INC.;**
**BELLSOUTH TELECOMMUNICATIONS, INC.**
**d/b/a AT&T MISSISSIPPI; EARL BURKETT**
**And HELEN L. BURKETT**                                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Partial Summary Judgment **[#45]** filed on behalf of the plaintiff, Marlow, LLC ("Marlow"). The court, having reviewed the motion and supporting briefs, the response, the pleadings and exhibits on file and being advised that the defendants concede the motion in part find that it is well taken as hereinafter stated and should be granted to the extent conceded by the defendants. The court specifically finds as follows:

## BACKGROUND

Marlow is a Mississippi Limited Liability Company that owns a piece of property situated at or near the intersection of Highway #42 and Springfield Road in Forrest County, Mississippi. The real property in question was conveyed to Marlow by Earl Burkett and Helen L. Burkett, as joint tenants by Warranty Deed dated December 22, 2006.

Prior to the above referenced conveyance, BellSouth Telecommunications, Inc.

("Bellsouth") attempted to obtain two separate easements on the aforesaid property in February, 2002. One easement was recorded in the land records of Forrest County, Mississippi, on February 15, 2002, in Book 880, Page 391-392 and a separate easement was recorded in the land records of Forrest County, Mississippi, on February 15, 2002, in Book 880, Pages 393-395. On March 12, 2002, another easement was filed in the land records of Forrest County, Mississippi, in Book 881, Pages 698-700 apparently to correct the property description set forth on the easement previously recorded on February 15, 2002, in Book 880, Pages 393-395. All of the easements were signed only by Earl Burkett as grantor.

However, at the time the easements were signed by Earl and filed of record in the land records of Forrest County, Mississippi, Earl was married to Helen L. Burkett and living with her. Further, at the time that BellSouth secured the easements and more specifically in the calendar year 2002, Helen and Earl were claiming homestead exemption in said property.

Thus, according to Marlow, since Helen enjoyed ownership and homestead rights in the subject property, her signature was required on the easements before any valid conveyance could be made to BellSouth. Marlow argues that any deed and/or conveyance made on homestead property without a spouse joining in the execution of the deed and/or conveyance is absolutely void, and, in this case, passed no title to BellSouth. *See* Miss. Code Ann. §89-1-29.

Bellsouth attempted to cure this problem by obtaining the signature of Helen on two additional easements in July, 2010. However, Marlow contends that since the easements are void *ab initio*, any subsequent acts or attempts to cure by obtaining

-2-

execution of the two easements in 2010 from Helen, at a time when she no longer held any interest in the property, were of no consequence. Thus, Marlow has moved for partial summary judgment asserting that all five easements are void and requests partial summary judgment declaring the easements purportedly granted to BellSouth in 2002 and in 2010 as referenced above are absolutely void and passed no title, rights or interest to BellSouth.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c); and *see Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is

not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment."  *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987).  Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.  *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."  *John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants'

motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed.R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'" *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## **DISCUSSION AND ANALYSIS**

The relevant statutory authority that is at issue in this suit is Miss. Code Ann. §89-1-29 which provides in pertinent part as follows:

> A conveyance, mortgage or deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse or by an attorney in fact for the spouse . . ..

The Mississippi Courts have addressed this statute on numerous occasions. While Mississippi Courts have held several types of deeds or conveyances voidable, such has not been the case when the property at issue constitutes homestead property. The Courts of Mississippi have repeatedly affirmed that such conveyances are void. *See M.C. Cummings v. J. B. Busby and wife*, 62 Miss. 195 (Miss. 1884); *Gulf & S. I. R. Co. v. William Singleterry, et al*, 78 Miss. 772, 29 So. 754 (Miss. 1900); *Hughes v. Hahn*, 209 Miss. 293, 46 So. 2d 587 (1950); and *Welborn v. Lowe*, 504 So. 2d 205 (Miss. 1987).

Indeed, the Mississippi Courts have consistently held deeds/conveyances void *ab initio* in homestead cases. A homestead occupied by husband and wife cannot be conveyed without the signature of both spouses, and any deed/conveyance made without both signatures is absolutely void and passes no title. *See Thornhill v. Caroline Hunt Trust Estate*, 594 So. 2d 1150, 1152 (Miss. 1992).

The Mississippi Legislature, by the enactment of Miss. Code Ann. §89-1-29, has elected to place a restriction on the transfer or encumbrance of homesteads. There can be no operative conveyance unless there is strict compliance with the statute and no requirement of the statute may be waived by the husband and wife or by either of them. *Ward v. Ward*, 517 So. 2d 571 (Miss. 1987). This statute strictly prohibits the transfer of homestead property without the signature of both the husband and the wife.

BellSouth does not dispute that under Mississippi law the five written instruments

that are the sole subject of the Motion for Partial Summary Judgment are void and do not themselves provide BellSouth with valid easements. However, BellSouth argues that it has rights in the property described by the written easements through other applicable legal principles. Thus, Bellsouth contends that as a result of its rights and its defenses to Marlow's claims, many issues remain in this suit. Bellsouth correctly points out that the Motion for Partial Summary Judgment does not seek relief on those remaining issues, including BellSouth's right to occupy the property with its cable and facilities, the elements of Marlow's various causes of action, BellSouth's defenses, and Marlow's damages, if any.

Smelling blood in the water, Marlow however urges the court to enter an Order not only declaring the easements void as a matter of law but also order the striking of all defenses which BellSouth has asserted allegedly without any basis in fact or law and require BellSouth to remove all of its personal property from Marlow's premises within thirty days of such an order. Marlow continues that the only issues that remain to be decided by the court are the nature, extent and amount of damages owed to Marlow as a result of BellSouth's allegedly unlawful use of the property; as a result of BellSouth's actions in recording allegedly fraudulent instruments in the land records of Forrest County, Mississippi, when it knew or should have known that BellSouth allegedly did not have valid easements to the subject property; and as a result of obtaining the signature of Helen L. Burkett on the 2010 easements when it knew she no longer held any interest in the property.

The court finds that Marlow is unjustifiably reaching far beyond what it requested in its motion for partial summary judgment and beyond what it is entitled to. Marlow

requested judgment in its favor that the five subject easements were void as a matter of law. Bellsouth admits that. That is all Marlow is entitled to based on what is before the court.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Partial Summary Judgment **[#45]** filed on behalf of the plaintiff, Marlow, LLC is granted to the extent that the court finds that the five subject easements, to-wit: the easement filed in the Land Records of Forrest County, Mississippi, on February 15, 2002, in Book 880, Pages 391-392; the easement filed on February 15, 2002, in Book 880, Pages 393-395; the easement filed on March 12, 2002, in Book 881, Pages 698-700 apparently to correct the property description in the aforesaid easement recorded in Book 880, Pages 393-395; the easement recorded in the Land Records of Forrest County, Mississippi, on July 13, 2010, in Book 1085, Page 0053-0055; and the easement recorded in the Land Records of Forrest County, Mississippi, on July 13, 2010, in Book 1085, Page 0056-0057, are void as a matter of law and passed no title to Bellsouth.

IT IS FURTHER ORDERED AND ADJUDGED that all other issues, claims and defenses remain before this court for appropriate resolution by the trier of fact.

SO ORDERED AND ADJUDGED this the 3rd day of February, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE