# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**MARLOW LLC**                                                                                                      **PLAINTIFF**

**VERSUS**                                                   **CIVIL ACTION NO. 2:10cv135-KS-MTP**

**BELLSOUTH TELECOMMUNICATIONS, INC.;**
**And BELLSOUTH TELECOMMUNICATIONS, INC.**
**d/b/a AT&T MISSISSIPPI**                                             **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for the Fifth Circuit. *See Marlow, L.L.C. v. BellSouth Telecommunications, Inc.*, 686 F.3d 303 (5th Cir. 2012). In *Marlow*, the Fifth Circuit reviewed this Court's decision granting summary judgment in favor of BellSouth Telecommunications, Inc. ("BellSouth") on Marlow LLC's ("Marlow") claims of and for trespass, slander of title, injunctive relief, and punitive damages. This Court found that BellSouth had a constructive license to place, maintain, and utilize telecommunications equipment on property owned by Marlow pursuant to Mississippi Code Annotated § 77-9-715,[1] which negated Marlow's request for damages and injunctive relief. (*See* Mem. Opinion and Order [122] at pp. 17-18.) Marlow's request for punitive damages and slander of title claim were rejected in the absence of proof of "malice" on the part of BellSouth in attempting to obtain easements on Marlow's property. (*See* Mem. Opinion and Order

---

[1] "Telegraph and telephone companies or associations shall be responsible for any damages which any person shall sustain by the erection, continuance, and use of telegraph and telephone lines and the fixtures thereof. . . . [Upon payment of damages to the property owner,] such line and fixtures shall exist as if by leave and license of the owner of the land." Miss. Code Ann. § 77-9-715.

[122] at pp. 18-19.)

On appeal, the Fifth Circuit affirmed in part, reversed in part, and remanded for further proceedings. *See Marlow*, 686 F.3d at 305-06. "Summary judgment against Marlow's claims for slander of title and punitive damages was appropriate . . ." without any evidence that BellSouth acted with malice in seeking to obtain the easements. *Id.* at 314. However, BellSouth was found not to possess a constructive license to place and maintain its equipment on Marlow's property under Section 77-9-715. *See id.* at 312. The Fifth Circuit held that Section 77-9-715 only applied where "public ways" were at issue, such as where telephone lines are placed in the right-of-way of a public road. *Id.* Thus, this Court's constructive license holding was reversed and the case was remanded for further proceedings, including the resolution of BellSouth's alternative argument that it has a prescriptive easement on Marlow's property. *See id.* at 312, 314.

For the reasons stated below, the Court finds that BellSouth has not established its right to a prescriptive easement and that the case should be set for trial.

## I. FACTUAL AND PROCEDURAL HISTORY

A detailed history of this dispute is not required given the Court's prior rulings. (*See* Orders [69], [122].) Thus, the Court will address below only those matters pertinent to the issue of BellSouth's claimed prescriptive easement.

In 1996, BellSouth installed a 5-feet high, 4-feet wide and 1 1/2-feet deep cross-connect box (the "1996 Cross-Connect Box"), on a 3.24 acre parcel of land owned by Earl Burkett and Helen L. Burkett (the "Subject Property"). The Subject Property is situated at or near the intersection of Highway #42 and Springfield Road in Forrest County, Mississippi. No evidence has been presented showing that BellSouth had a

contractual or statutory right to install the 1996 Cross-Connect Box on the Subject Property.

BellSouth attempted to obtain two separate easements on the Subject Property in 2002. The first putative easement ("First Easement") was executed by Earl Burkett and granted BellSouth the right "to construct, operate, maintain, add, and/or remove such systems of communications, facilities or related services" it required in a "10 FEET BY 315 FEET LONG" strip of land. (*See* Doc. No. [111-2].) The second putative easement ("Second Easement") was also executed by Earl Burkett and granted BellSouth the same rights in a "40 FEET BY 42 FEET" parcel of land. (*See* Doc. No. [111-4].)[2] The 1996 Cross-Connect Box is located within the parcel of land described in the Second Easement. BellSouth paid Earl Burkett $315.00 for the First Easement and $5,000.00 for the Second Easement.

On December 22, 2006, the Subject Property was conveyed to Marlow by Earl Burkett and Helen L. Burkett by Warranty Deed. (*See* Doc. No. [45-1].) In March of 2010, Marlow sent a letter to "AT&T--Legal/Right of Way Acquisition", advising that "an easement" on the Subject Property was void because Helen L. Burkett, Earl Burkett's spouse, did not execute the easement as required for it to be effective under Mississippi Code Annotated § 89-1-29.[3] (*See* Doc. No. [111-1].)

---

[2] The Second Easement was originally recorded in the land records of Forrest County, Mississippi on February 15, 2002, and described the parcel of land as "32 FEET BY 42 FEET". (*See* Doc. No. [111-3].) A corrected filing was made on March 12, 2002, describing the parcel as "40 FEET BY 42 FEET". (*See* Doc. No. [111-4]).

[3] "A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner is married and living with the spouse or by an attorney

Marlow's letter further indicated that it did not consent to the continued use of the easement and threatened litigation if such use continued.

On April 29, 2010, Marlow filed its Compliant to Confirm Title and to Remove Cloud, Doubt and Suspicion from Title to Real Property and for Other Relief against BellSouth in the Chancery Court of Forrest County, Mississippi. On May 25, 2010, BellSouth removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. (*See* Notice of Removal [1].) Marlow subsequently moved for partial summary judgment, requesting that the Court declare the First Easement and Second Easement void since Helen L. Burkett did not execute either easement, as required for the conveyance of homestead property under Section 89-1-29. On February 3, 2011, the Court ruled in favor of Marlow and held that the First Easement and Second Easement were "void as a matter of law and passed no title to Bellsouth." (*See* Mem. Opinion and Order [69] at p. 8.) The Court subsequently entered a Judgment Voiding Easements [76] in accordance with this ruling.

On March 24, 2011, BellSouth moved for summary judgment. BellSouth principally claimed that it had a constructive license to maintain telecommunications equipment on the Subject Property pursuant to Section § 77-9-715. BellSouth alternatively argued that it had a prescriptive easement with respect to the 1996 Cross-Connect Box on the Subject Property. The Court did not reach BellSouth's alternative argument since it found BellSouth's constructive license position well taken and accordingly granted summary judgment in its favor. (*See* Mem. Opinion and Order

---

in fact for the spouse." Miss. Code Ann. § 89-1-29.

[122].)  The appeal from the Court's grant of summary judgment is described above.

On August 23, 2012, a telephonic status conference was held between the Court and counsel for the parties.  Pursuant to the conference, it was determined that the issue of BellSouth's purported prescriptive easement would be resolved before the case was set for trial.  Counsel for the parties advised that no further briefing was needed on this issue.

## II.  DISCUSSION

### A.     Standard of Review

BellSouth initially raised its claim to a prescriptive easement as an affirmative defense.  (*See* Answer [17] at p. 4.)  The issue was then briefed in the context of BellSouth's Motion for Summary Judgment [97].  BellSouth argued that its prescriptive easement defeated Marlow's trespass claim (count two of the Amended Complaint [25]) and request for injunctive relief (count four of the Amended Complaint [25]) with respect to the 1996 Cross-Connect Box on the Subject Property.  (*See* BellSouth's Mem. in Support of SJ [98] at pp. 12-15.)  Accordingly, the existence *vel non* of a prescriptive easement in favor of BellSouth must be viewed through the prism of Federal Rule of Civil Procedure 56.

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir.

2010) (citation and internal quotation marks omitted), *cert. denied*, 131 S. Ct. 2972 (2011). "Where a party seeks summary judgment pursuant to an affirmative defense, such as . . . [BellSouth], the movant must establish all of the elements of the defense." *Citigroup, Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)) (a defendant moving for summary judgment on an affirmative defense "must establish beyond peradventure *all* of the essential elements of the . . . defense"). If the movant meets his burden, the nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Cuadra*, 626 F.3d at 812. "'An issue is material if its resolution could affect the outcome of the action.'" *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

**B.    Analysis**

The Court will apply Mississippi's substantive law to the prescriptive easement

issue since diversity of citizenship is the basis for the Court's jurisdiction and since the merits of this case concern real property located in Mississippi. *Cf. Consol. Cos., Inc. v. Lexington Ins. Co.*, 616 F.3d 422, 425-26 (5th Cir. 2010) ("Because this *diversity case* involves 'the interpretation of insurance policies issued in Louisiana *for property located in Louisiana*,' that state's substantive law controls.") (emphasis added) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007)).

The standard and burden of proof required to establish a prescriptive easement and a claim of adverse possession are the same. *See Evanna Plantation, Inc. v. Thomas*, 999 So. 2d 442, 447 (¶ 17) (Miss. Ct. App. 2009) (citing *Biddix v. McConnell*, 911 So. 2d 468, 475 (¶ 18) (Miss. 2005)). In either case, "the claimant must show that the possession was: (1) open, notorious, and visible; (2) hostile; (3) under claim of ownership; (4) exclusive; (5) peaceful; and (6) continuous and uninterrupted for ten years." *Id.* These elements must be proven "by clear and convincing evidence." *Biddix*, 911 So. 2d at 475 (¶ 18) (citing *West v. Brewer*, 579 So. 2d 1261, 1262 (Miss. 1991)).

BellSouth claims that all the preceding elements are met with respect to the 1996 Cross-Connect Box on the Subject Property. According to BellSouth, the Box is clearly visible on the Subject Property; the Box has been used and maintained for at least fourteen (14) years; such use is inconsistent with the title to the property initially held by the Burketts and then Marlow; no portion of the Subject Property on which the Box exists can be used for any other purpose; the only objection to the existence of the Box came after the ten-year prescription period had run; and the Box has been a permanent fixture on the Subject Property for more than fourteen (14) years. (*See* BellSouth's

Mem. in Support of SJ [98] at pp. 13-14.)

Marlow makes two principal arguments in opposition to BellSouth's prescriptive easement claim. First, if BellSouth is correct that it has a constructive license to maintain its telecommunications equipment on the Subject Property under Section 77-9-715, then BellSouth cannot have a prescriptive easement because "use by express or implied permission or **license**" is not hostile or adverse to the title owner of the property. (*See* Marlow's Mem. Brief in Opp. [115] at p. 19.) Second, while the elements of a prescriptive easement may be met from 1996 until 2002, once BellSouth secured the Second Easement in 2002, its "use of the premises was no longer adverse and hostile." (*See* Marlow's Mem. Brief in Opp. [115] at p. 19.)

As to Marlow's first point, BellSouth emphasizes that its prescriptive easement claim is made in the alternative to its constructive license argument. (*See* BellSouth's Reply Mem. [118] at p. 12.) As to the second point, BellSouth posits that the Second Easement has been declared null and void, and thus, its use of the Subject Property was at all times hostile. (*See* BellSouth's Reply Mem. [118] at p. 13.) The Court agrees that BellSouth's claim to a constructive license under Section 77-9-715 is no impediment to its assertion of a prescriptive easement since the Fifth Circuit has rejected the applicability of Section 77-9-715 to this dispute. *See Marlow*, 686 F.3d at 312. However, the Court finds that BellSouth has overlooked its permissive use of the Subject Property starting in 2002, notwithstanding the voidance of the Second Easement.

"Use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription since adverse use is lacking." *Paw Paw*

-8-

*Island Land Co. v. Issaquena & Warren Counties Land Co.*, 51 So. 3d 916, 924 (¶ 27) (Miss. 2010) (citing *Sharp v. White*, 749 So. 2d 41, 42 (Miss. 1999)). An apt application of this principle is evidenced in *Thornhill v. Caroline Hunt Trust Estate*, 594 So. 2d 1150 (Miss. 1992).

In *Thornhill,* Bryant Lewis granted a right-of-way for a pipeline to the Caroline Hunt Trust Estate ("the Trust") in exchange for $2,000. 594 So. 2d at 1151. Lewis's wife did not join in the conveyance. *Id.* The subject property was later sold to Ronnie Thornhill, who knew about the pipeline right-of-way agreement. *Id.* Litigation between Thornhill and the Trust ensued after a pipeline was severed as a result of Thornhill's construction of a catfish pond. *Id.* at 1151-52. The lower court found that the Trust acquired title to the right-of-way by adverse possession and granted the Trust damages and injunctive relief. *Id.* at 1152. The Mississippi Supreme Court reversed. Lewis's grant of the right-of-way to the Trust was void under Section 89-1-29 because the right-of-way was on homestead property and Lewis's wife did not join in the agreement. *Id.* Yet, Lewis's unilateral agreement with the Trust regarding the right-of-way was found to constitute a license, i.e., permission to use the land, which negated any finding of adverse possession. *See id.* at 1153.[4] "One of the principle defenses to a claim of adverse possession is that the possession was permitted by the owner. Adverse

---

[4] This finding was based, in large part, on "*Blair v. Frank B. Russell & Co.*, 120 Miss. 108, 81 So. 785 (1919), wherein the Court found a timber deed to be void because of the failure of the wife to join in the conveyance of homestead property." *Thornhill*, 594 So. 2d at 1153. The deed in *Blair*, at most, constituted "'the defendants licensees, which license would be terminated when the plaintiffs gave notice not to further cut the timber.'" *Id.* (quoting *Blair*, 81 So. at 786). *See also Threlkeld v. Sisk*, 992 So. 2d 1232, 1241 (¶ 29) (Miss. Ct. App. 2008) ("[P]ermission is merely a license that is revocable at will.") (citation omitted).

possession is totally inconsistent with that of permissive use." *Id.* The court found several circumstances, including the Trust's payment of $2,000 to Lewis so that it could build the pipeline, to evidence permissive use of the land, thus defeating the Trust's "prescriptive easement" claim. *See id.* at 1152-53.

The Mississippi Supreme Court's holding in *Thornhill* counsels that BellSouth's prescriptive easement claim should be denied. From approximately 1996 until 2002, it appears that the elements for a prescriptive easement (except for continuous and uninterrupted use for ten years) were met with respect to the 1996 Cross-Connect Box. However, Earl Burkett granted BellSouth the Second Easement in 2002, which pertained to the parcel of land on which the 1996 Cross-Connect Box was located and which gave BellSouth permission "to construct, operate, *maintain*, add, and/or remove such systems of communications, facilities or related services" it saw fit. (*See* Doc. No. [111-4]) (emphasis added). Although the Second Easement was void and passed no title to BellSouth since Helen L. Burkett did not execute the easement, this does not change the fact that BellSouth paid Mr. Burkett $5,000 for his permission to allow it to "maintain" its facilities on the Subject Property. Earl Burkett's inability to convey the Subject Property without the consent of his wife under Section 89-1-29 did not negate his unilateral ability to authorize others, such as BellSouth, to use the property. *See Thornhill*, 594 So. 2d at 1153; *Blair*, 81 So. at 786.[5]

"Permissive use cannot, by definition, be hostile use . . . ." *Burdsal v. Marshall*

---

[5] *See also* Phillip McIntosh, *License or consent*, *in* 5 *Encyclopedia of Mississippi Law* § 41:58 (Jeffrey Jackson & Mary Millers eds., 2012) ("The consent of at least one of joint owners or tenants in common is sufficient to defeat a claim of trespass against the defendant.").

*County*, 937 So. 2d 45, 49 (¶ 14) (Miss. Ct. App. 2006). BellSouth's use of the Subject Property upon its agreement with Mr. Burkett in 2002 was "permissive as a license", and not hostile or adverse to the Burketts' interest in the Subject Property. *Thornhill*, 594 So. 2d at 1153. BellSouth's apparently hostile use of the Subject Property from 1996 until 2002 falls short of the required ten-year period of prescription. Therefore, BellSouth has not met its burden of proving "by clear and convincing evidence" that its use of the 1996 Cross-Connect Box was "hostile" and "continuous and uninterrupted for ten years."[6] *Paw Paw Island Land Co.*, 51 So. 3d at 924 (¶ 27). BellSouth is not entitled to summary judgment on its prescriptive easement affirmative defense.

### III. CONCLUSION

IT IS ORDERED AND ADJUDGED that BellSouth Telecommunications, Inc. is not entitled to summary judgment pursuant to the defense that it owns a prescriptive easement with respect to the 1996 Cross-Connect Box. A status conference will be set by separate order so that the parties may discuss available dates for a pretrial conference and the trial on Plaintiff's claims for injunctive relief and damages.

SO ORDERED AND ADJUDGED this the 16th day October, 2012.

                         *s/Keith Starrett*
                         UNITED STATES DISTRICT JUDGE

---

[6] It is also questionable whether the "claim of ownership" prescriptive easement element is met in light of BellSouth seeking the Second Easement in 2002. *Cf. Biddix*, 911 So. 2d at 475 (¶ 21) (finding this element lacking due in part to the parties asserting a prescriptive easement recognizing others' ownership interests in land by obtaining a utility easement). However, the Court need not resolve the "claim of ownership" issue since BellSouth has failed to show by clear and convincing evidence that its use of the 1996 Cross-Connect Box was "hostile" for ten (10) uninterrupted years.