IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARLOW LLC**                                                                                          **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:10cv135-KS-MTP**

**BELLSOUTH TELECOMMUNICATIONS, INC.;**
**And BELLSOUTH TELECOMMUNICATIONS, INC.**
**d/b/a AT&T MISSISSIPPI**                                                                 **DEFENDANTS**

## OPINION AND ORDER

This matter is before the Court *sua sponte* for case management purposes. On October 24, 2012, a telephonic status conference was held between the Court and counsel for the parties. During the conference, counsel agreed to a January 15, 2013 trial setting and to a pretrial conference date of December 13, 2012. However, the parties disagreed as to whether a jury trial or bench trial should take place. For the reasons stated below, the Court finds that a jury trial will be set in this cause.

## RELEVANT BACKGROUND

On April 29, 2010, Marlow LLC ("Marlow") filed its Compliant to Confirm Title and to Remove Cloud, Doubt and Suspicion from Title to Real Property and for Other Relief against BellSouth Telecommunications, Inc. ("BellSouth") in the Chancery Court of Forrest County, Mississippi. Marlow's state court complaint did not include a request for a jury trial. On May 25, 2010, BellSouth removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332. (*See* Notice of Removal [1].) On August 18, 2010, a Case Management Order [24] was entered, setting this action for a non-jury trial. On August 25, 2010, Marlow filed its Amended Complaint [25], which includes a jury trial request.

**DISCUSSION**

The resolution of the following two issues will determine if a jury trial is set in this matter:  1) whether Marlow timely requested a jury trial and, if not, 2) whether the Court should exercise its discretion to order a jury trial.

1.  Whether Marlow Timely Requested a Jury Trial

Rule 81(c)(3) of the Federal Rules of Civil Procedure contains provisions concerning demands for jury trials in actions removed from state court.  Under Rule 81(c)(3)(A), a party that requested a jury trial in state court does not have to reassert its request in federal court.  This provision does not apply to Marlow since it did not request a jury trial before removal.  Also under Rule 81(c)(3)(A), a party that is not required to request a jury trial under state law does not have to assert a demand after removal unless the federal court orders that party to make such a demand.  This portion of the Rule does not apply to Marlow since it was required to request a trial by jury in the chancery court.  *See In re Estate of Varvaris v. Kountouris*, 528 So. 2d 800, 802 (Miss. 1988) (finding that the chancery court acted within its discretion to deny a jury trial request made two working days before trial); *In re Will & Estate of Varvaris v. Kountouris*, 477 So. 2d 273, 278 (Miss. 1985) ("[A]ny right to a jury trial was waived by both parties, not only be failing to file any request with the chancellor for a jury trial, but going through the entire hearing and never making any request.").

Rule 81(c)(3)(B) allows for a jury demand to be filed after removal "[i]f all necessary pleadings have been served at the time of removal . . . ." Fed. R. Civ. P. 81(c)(3)(B).  Marlow could not take advantage of this provision because BellSouth's Answer [17] was filed after the case was removed to this Court.  The Court will now look

to Federal Rule of Civil Procedure 38 to determine if Marlow timely requested a trial by jury given the inapplicability of the above-referenced portions of Rule 81.  *See, e.g., Mondor v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 910 F.2d 585, 586 (9th Cir. 1990) ("Rule 38(b) applies to jury demands in removed actions where responsive pleadings have not been filed prior to removal."); 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2319 (3d ed.) (providing that Rule 38(b) applies where Rule 81(c)(3)(B) is inapplicable).

Rule 38 requires a party seeking a jury trial to serve "the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served . . . ."  Fed. R. Civ. P. 38(b).  Generally, the answer is considered to be the operative pleading under Rule 38(b). *See, e.g.*, *McFarland v. Leyh (In re Tex. Gen. Petroleum Corp.)*, 52 F.3d 1330, 1339 (5th Cir. 1995); *McCorstin v. U.S. Dep't of Labor*, 630 F.2d 242, 244 (5th Cir. 1980).  BellSouth's Answer [17] was filed on June 30, 2010.  Marlow's jury trial request was filed on August 25, 2010, well in excess of fourteen (14) days after the service of BellSouth's Answer [17].

However, "[a]n amended or supplemental pleading that raises new issues enables a party to request a jury trial for those issues in the manner established by Rule 38(b)." *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653 (5th Cir. 1984).  The new matters "must relate to new issues of fact and not to new theories of recovery."  *Id.* (citation omitted).  Marlow's Amended Complaint [25] contains a slander of title claim that was not included in its state court complaint.  Further, the slander of title claim arose from circumstances that could not have been pled in state court since they occurred after the

state court action was filed on April 29, 2010.  (*See* purported easements [25-18], [25-19] executed by Helen Burkett in July of 2010, forming the basis of the slander of title claim).  Therefore, Marlow's request for a jury trial was timely with respect to its slander of title claim.  Nonetheless, Marlow's request did not revive its right to a jury trial as to the claims that are common to the Amended Complaint [25] and state court pleading.  *See Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.)*, 911 F.2d 380, 388 (10th Cir. 1990) ("Amended and supplemental pleadings do not 'revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings.'") (quoting 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2320, at 94-96 (1971)).

Marlow's slander of title claim is no longer pending in this action.  *See Marlow, L.L.C. v. Bellsouth Telecommunications, Inc.*, 686 F.3d 303, 314 (5th Cir. 2012) ("Summary judgment against Marlow's claims for slander of title and punitive damages was appropriate.").  The issues that remain to be tried are Marlow's request for injunctive relief and damages claim for trespass.  The Court finds that Marlow did not timely request a jury trial as to these remaining issues under Rule 38(b) since they were pled in both the state court petition and Amended Complaint [25].  *See Fredieu*, 738 F.2d at 653.

    2.  <u>Whether the Court Should Exercise Its Discretion to Order a Jury Trial</u>

A party waives its right to a jury if its request is not timely filed.  *See* Fed. R. Civ. P. 38(d).  However, "the court may, on motion, order a jury trial for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  Marlow has not filed a motion for jury trial under Rule 39(b), but the Court will exercise its discretion to treat the jury request in the Amended Complaint [25] as one.  *See Swofford v. B & W, Inc.*, 336 F.2d 406, 409

(5th Cir. 1964) (holding that it was not reversible error for a district court to consider an untimely jury demand under Rule 39(b) notwithstanding the absence of a formal motion); L.U.Civ.R. 38(b) ("A request for a jury otherwise presented will be addressed to the sound judicial discretion of the court.").

"[W]hen the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Swofford*, 336 F.2d at 409; *see also Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (a Rule 39(b) request "'should be favorably received unless there are persuasive reasons to deny it'") (quoting *United States v. Unum*, 658 F.2d 300, 303 (5th Cir. 1981)).  The following five (5) factors should inform the district court's exercise of discretion:

> (1) whether the case involves issues best tried by a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Ozene v. Lab. Corp. of Am.*, No. 1:09cv183, 2009 WL 2185452, at *1 (S.D. Miss. July 17, 2009) (citing *Daniel Int'l Corp.*, 916 F.2d at 1064) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).  The majority of these factors weigh in favor of a jury trial.

First, it is in all respects proper for a jury to decide Marlow's damages claim for trespass.[1]  Marlow's additional request for injunctive relief in no way negates the

---

[1] *See, e.g.*, *City of Monterey v. Del Monte Dunes at Monterey, LTD.*, 526 U.S. 687, 715, 119 S. Ct. 1624, 143 L. Ed. 2d 882 (1999) (examining early cases finding that a suit against the government for taking property without compensation "must be an action of trespass, in which the jury would give reparation *in damages*"); *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353, 118 S. Ct. 1279, 140 L. Ed. 2d 438 (1998) ("It has long been recognized that 'by the law the jury are judges of the

appropriateness of a jury trial.[2]  Second, this matter can be tried by a jury on January 15, 2013, without disruption of the Court's schedule.  Third, BellSouth will not be unduly prejudiced by a jury trial since it has been on notice of Marlow's request for one since the Amended Complaint [25] was filed on August 25, 2010.  For this same reason, BellSouth's schedule and that of its counsel should not be disrupted by this matter being tried before a jury.  Fourth, Marlow's Amended Complaint [25] was filed before the parties engaged in any substantial discovery and within the deadline to amend pleadings.  (*See* Case Management Order [24] at p. 2) (setting September 7, 2010, as the amendment deadline).  Therefore, the length of Marlow's delay in filing the request was insubstantial.  Fifth, the Court has not been apprised of the reason for Marlow's delay.  Yet, this one factor cannot outweigh the previous four and the Court fails to find any "strong and compelling reasons to" deny Marlow's request for trial by jury.

---

damages.'"); *Smith v. Carbide & Chems. Corp.*, 507 F.3d 372, 383 (6th Cir. 2007) ("[T]he proofs must be put to a jury on whether Appellants suffered harm to their property and are entitled to damages based on their claims of intentional trespass, nuisance, and strict liability."); *Stevenson v. E.I. DuPont De Nemours & Co.*, 327 F.3d 400, 408 (5th Cir. 2003) ("[I]t was not error for the jury to consider only damages for permanent trespass."); *United States v. Sullivan*, 1 F.3d 1191, 1193-94 (11th Cir. 1993) (affirming jury verdict for $219,052 in trespass action for damages).

[2] When a plaintiff presents both legal and equitable claims, "'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'"  *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 550, 110 S. Ct. 1331, 108 L. Ed. 2d 504 (1990) (quoting *Curtis v. Loether*, 415 U.S. 189, 196 n.11, 94 S. Ct. 1005, 1009, 39 L. Ed. 2d 260 (1974)).  "'[O]nly under the most imperative circumstances can the right to a jury trial be lost through prior determination of equitable claims.'"  *Roscello v. Sw. Airlines Co.*, 726 F.2d 217, 221 (5th Cir. 1984) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S. Ct. 948, 957, 3. L. Ed. 2d 988 (1959)).  Thus, fact issues common to legal and equitable claims must be submitted to the jury before the court resolves a request for equitable relief.  *Id.* (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S. Ct. 894, 900-01, 8 L. Ed. 2d 44 (1962)).

*Swofford*, 336 F.2d at 409.

## CONCLUSION

IT IS ORDERED AND ADJUDGED that the trial set for January 15, 2013 in this cause will be before a jury.

SO ORDERED AND ADJUDGED this the 29th day October, 2012.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE