**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**MARLOW LLC**                                                                 **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 2:10cv135-KS-MTP**

**BELLSOUTH TELECOMMUNICATIONS, INC.;
And BELLSOUTH TELECOMMUNICATIONS, INC.
d/b/a AT&T MISSISSIPPI**                                                  **DEFENDANTS**

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff Marlow LLC's ("Marlow") Motion to

Compel Responses to Third Set of Interrogatories Propounded to Defendant, BellSouth

Telecommunications, Inc. ("BellSouth").  (*See* docket entry no. "[153]".)  Having

considered the motion, the response, the record and the applicable law, the Court finds

that the motion is not well taken and should be denied.

The deadline for the parties to conduct discovery in this case expired on April 1,

2011.  Marlow served its Third Set of Interrogatories to BellSouth on November 1, 2012,

approximately nineteen (19) months after the discovery deadline.  Marlow's Motion to

Compel [153] was filed on December 4, 2012, approximately twenty (20) months after the

discovery deadline.  The Court's Local Uniform Civil Rules require discovery requests to

be initiated "sufficiently in advance of the discovery deadline date . . . ."  L.U.Civ.R.

26(b)(2).  Further, untimely discovery requests "are not enforceable except by order of the

court for good cause shown."  *Id.*  A discovery motion must be filed "sufficiently in

advance of the discovery deadline to allow response to the motion, ruling by the court and

time to effectuate the court's order before the discovery deadline."  L.U.Civ.R. 7(b)(2)(B).

Marlow's Third Set of Interrogatories and Motion to Compel [153], submitted more than

one and one-half years after the discovery deadline, are untimely and disfavored under

the preceding Rules. *See Issaquena & Warren Counties Land Co. v. Warren County, Miss. Bd. of Supervisors*, No. 5:07cv106, 2011 WL 6092450, at *5-6 (S.D. Miss. Dec. 7, 2011) (denying motions to compel discovery on the basis of untimeliness under the Rules).

Recognizing that the time to conduct discovery has long since passed under the Court's Case Management Order [24], Marlow asserts that "good cause" exists to compel BellSouth to answer its Third Set of Interrogatories under Federal Rule of Civil Procedure 16(b). Under this Rule, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The following four factors are to guide a court's determination of good cause: "(1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice in allowing the testimony or the supplement; and (4) the availability of a continuance to cure such prejudice." *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 422 (S.D. Tex. 2012) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990)).

Marlow contends that its failure to seek the information requested in its Third Set of Interrogatories prior to the discovery deadline is justified by various judicial rulings entered subsequent to the deadline, which shifted "the scope of damages being sought by Marlow . . . ." (*See* Marlow's Mot. to Compel [153] at p. 6.) The Court disagrees. No judicial ruling entered subsequent to April 1, 2011, expanded the measure of damages available to Marlow beyond that demanded in its August 25, 2010 Amended Complaint [25]. For example, the Fifth Circuit's June 27, 2012 opinion in this cause, which Marlow principally relies on in support of its Motion to Compel, foreclosed Marlow's ability to recover certain damages for trespass. *See Marlow, L.L.C. v. BellSouth Telecommunications, Inc.*, 686

F.3d 303, 313 (5th Cir. 2012) ("We agree, then, that damages are not owed for diminished value of the property at the time of purchase.").  The fact that Marlow's ability to recover certain damages was limited after  the discovery deadline does not somehow operate to allow Marlow to obtain additional discovery.

Even if the Fifth Circuit had expanded Marlow's ability to recover damages, Marlow did not act timely to obtain additional discovery subsequent to the remand of the proceeding to this Court.  The Fifth Circuit's Judgment [131] was issued as the mandate on July 19, 2012.  Subsequently, this Court held two telephonic status conferences, one on August 23, 2012 and the other on October 24, 2012, regarding proceedings going forward and at no time during either conference did counsel for Marlow raise the issue of additional discovery.  Instead, Marlow served discovery requests without leave of court approximately nineteen (19) months after the discovery deadline and then filed its Motion to Compel [153] when BellSouth, not surprisingly, objected to the discovery on the basis of untimeliness.  The Court finds that Marlow has offered no sufficient explanation for its failure to request the information sought by its Third Set of Interrogatories prior to the discovery deadline.

The Court also fails to discern the "importance of the proposed modification to the scheduling order . . . ." *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 493 (S.D. Tex. 2009) (citations omitted).  Some of the information requested in Marlow's Third Set of Interrogatories (the nature of services BellSouth is providing to its customers through equipment maintained on Marlow's property, and the number of customers being served by BellSouth's equipment on the subject property) has been disclosed via the affidavit of BellSouth's employee, Randall M. Ainsworth.  (*See* Ainsworth Aff. [141-1] at ¶

3.)  Therefore, any need for an order requiring BellSouth to submit this information is now moot.

The remaining information sought by Marlow (the amount BellSouth charges each of its customers for each service provided through equipment maintained on Marlow's property; and, whether BellSouth has entered into any contractual relations with any utility or telecommunications provider with respect to Marlow's property, and if so, the monetary sum derived by BellSouth as a result of any such agreement) does not appear relevant to the issues left for trial.  Marlow contends that the remuneration obtained by BellSouth and the existence of any contracts between BellSouth and others pertaining to the subject property are relevant to its common law trespass claim because these issues bear upon BellSouth's "own purpose" in utilizing the subject property.  (Marlow's Mot. to Compel [153] at p. 4)  In Mississippi, "[c]ommon law trespass is an intrusion upon the land of another without a license or other right *for one's own purpose*."  *Thomas v. Harrah's Vicksburg Corp.*, 734 So. 2d 312, 316 (¶ 10) (Miss. Ct. App. 1999) (emphasis added; citations omitted).  However, "BellSouth has never disputed that it was on the property for its own purposes."  (BellSouth's Mem. Brief in Resp. [161] at p. 5.)  Therefore, BellSouth's "own purpose" in utilizing the subject property is not a contested issue for trial.

Marlow's suggestion that the aforementioned information bears upon its compensatory and punitive damages claims is not well taken.  It has not been made  clear to the Court how the remuneration BellSouth receives from its customers or third parties in relation to the subject property has any tendency to make more or less certain "the date upon which the commission of BellSouth's trespass can discontinue."  (Marlow's Mot. to Compel [153] at p. 4.)  Furthermore, Marlow has failed to present any authorities

supporting its contention that the amount of money BellSouth has received by way of its trespass favors an award of punitive damages under Mississippi law.

The final two "good cause" factors, potential prejudice in allowing the discovery and the availability of a continuance to cure the prejudice, weigh in favor of Marlow's Motion to Compel [153]. Sufficient time exists before the trial of this action for BellSouth to respond to Marlow's Third Set of Interrogatories. However, the Court finds Marlow's failure to meet its burden with respect to the first two good cause factors weightier in its consideration of the subject motion. *Cf. Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (finding that the trial court did not abuse its discretion in denying a motion to supplement where two of the four Rule 16(b) factors counseled "against allowing a deviation from the trial court's scheduling order").

In sum, the gross untimeliness of Marlow's Third Set of Interrogatories coupled with BellSouth's disclosure of certain information via Randall M. Ainsworth's Affidavit [141-1] and the irrelevant nature of certain information sought by Marlow necessitate a denial of its Motion to Compel [153].

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Compel Responses to Third Set of Interrogatories Propounded to Defendant, BellSouth Telecommunications, Inc. [153] is denied.

SO ORDERED AND ADJUDGED this the 2nd day of January, 2013.

s/Keith Starrett
UNITED STATES DISTRICT JUDGE