IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARLOW LLC**                                                                                    **PLAINTIFF**

**VERSUS**                                        CIVIL ACTION NO. 2:10cv135-KS-MTP

**BELLSOUTH TELECOMMUNICATIONS, INC.;**
**And BELLSOUTH TELECOMMUNICATIONS, INC.**
**d/b/a AT&T MISSISSIPPI**                                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant BellSouth Telecommunications, Inc.'s ("BellSouth") Motion in Limine Regarding Evidence of Damages in Excess of $50,000 [152]. Having considered the motion, the response, the record and the applicable law, the Court finds that the motion should be granted in part and denied in part.

## I.  BACKGROUND

On April 29, 2010, Marlow LLC ("Marlow") filed this action against BellSouth in the Chancery Court of Forrest County, Mississippi, alleging trespass and other claims arising from BellSouth's placement and maintenance of telecommunications equipment on real property owned by Marlow.  (*See* Compl. [1-3 at ECF p. 3].)  On May 25, 2010, BellSouth removed the proceeding to this Court on the basis of diversity of citizenship jurisdiction under Title 28 U.S.C. § 1332.  (*See* Notice of Removal [1].)  On June 2, 2010, Marlow filed a Motion to Remand [2], which principally asserted that the amount in controversy did not exceed $75,000, as required by § 1332(a) for federal jurisdiction. Marlow submitted the affidavit of its sole member, Erik M. Lowery, in support of its Motion to Remand.  (*See* Lowery Aff. [3-1].)  The Lowery affidavit states in pertinent

part:

    1.    My name is Erik M. Lowrey. I am an adult resident of Forrest County, State of Mississippi, and I am the sole member of the Plaintiff in this matter, Marlow LLC.

    2.    On behalf of Marlow, LLC, I affirm that I do not intend to seek damages in excess of the total amount of $50,000.00 exclusive of interest and costs.

    3.    I irrevocably agree to the entry of an order of this Court which places an irrevocable cap upon the amount of damages which may be sought by or awarded to me in this case, and that this cap shall be set at $50,000.00 exclusive of interest and costs.

    4.    I will under no circumstances accept a judgment in this case in excess of $50,000.00.

    5.    I agree, acknowledge, and understand that this stipulation is binding upon me, my heirs, executors, administrators, and assigns, and cannot be rescinded or revoked under any circumstances regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action.

(Lowery Aff. [3-1].)

On July 13, 2010, the Court entered its ruling on the Motion to Remand [2]. (*See* Mem. Op. and Order [18].) In considering the Lowery affidavit, the Court found: "While it is abundantly clear to this court that the plaintiff has now properly limited its potential recovery to an amount less than $75,000, as to damages, the inquiry does not end there." (*See* Mem. Op. and Order [18] at p. 4.) The inquiry also factored the costs of moving and relocating BellSouth's telecommunications equipment from Marlow's property, which BellSouth estimated would exceed $75,000. (*See* Mem. Op. and Order [18] at p. 4) (citing *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538 (3d Cir. 1995)). The Court thus determined that the requisite jurisdictional minimum was at issue and denied Marlow's Motion to Remand.

On August 25, 2010, Marlow filed its Amended Complaint [25], requesting, *inter alia*, a judgment in the amount of $1,060,000.  On December 3, 2012, following the passage of much procedural water under the bridge,[1] BellSouth filed its Motion in Limine Regarding Evidence of Damages in Excess of $50,000 [152].  BellSouth contends that Marlow should be precluded from offering any evidence or making any argument at trial supporting a request for damages in excess of $50,000 in light of the Lowery affidavit.  Marlow argues otherwise.  The Court has fully considered the parties' submissions on this matter and is ready to rule.

## II.  DISCUSSION

The key issue is whether the Lowery affidavit precludes Marlow from recovering more than $50,000 in damages in this case.  It is well-settled that "jurisdictional facts must be judged as of the time the complaint is filed" in matters of removal and remand.  *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  Thus, a post-removal affidavit can "clarify a petition that previously left the jurisdictional question ambiguous", although it cannot be used to change a plaintiff's original damage claim.  *Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir.1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).  It is also well-settled in the Fifth Circuit that a plaintiff's post-removal affidavit limiting damages to less than the federal jurisdictional minimum will preclude the plaintiff

---

[1] *See Marlow, LLC v. BellSouth Telecommunications, Inc.*, No. 2:10cv135, 2011 WL 1897446 (S.D. Miss. May 18, 2011), *aff'd in part, rev'd in part by* 686 F.3d 303 (5th Cir. 2012).

"from seeking damages in excess of that amount in state court[] either as a judicial admission, judicial estoppel or a matter of preclusion." *Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 776 n.3 (5th Cir. 2001) (citations omitted); *see also F.M.B. v. The Mega Life & Health Ins. Co.*, No. 3:08cv530, 2009 WL 426435, at *2 n.1 (S.D. Miss. Feb. 18, 2009) (presuming that the state court would prohibit the plaintiff from amending the complaint to seek an amount beyond that specified in a post-removal affidavit to preclude the plaintiff from "perpetrat[ing] a fraud on this Court") (citation omitted).

What does not appear to be settled in the Fifth Circuit is the effect of a post-removal damages-limiting affidavit in a case that remains in federal court. None of the authorities cited by the parties address this situation. Further, the Court finds the only opinion it has identified that seems to address the issue, *Hatfield v. Wilson*, No. 3:12-0944, 2012 WL 4760795 (S.D. W. Va. Oct. 5, 2012), inapplicable to the present dispute.

In *Hatfield*, the district court considered a plaintiff's motion to amend his complaint to increase the monetary relief sought from $74,000 to $84,000. 2012 WL 4760795, at *1. The court had previously denied plaintiff's motion to remand notwithstanding plaintiff's submission of an affidavit purporting to limit his recovery to $74,000. *Id.* The defendant argued that plaintiff's request to amend the complaint was in bad faith because his "earlier limitation of his recovery, solely in an attempt to keep the case in state court, was a manipulation of the judicial process." *Id.* The court found that it would be inconsistent to deny the plaintiff leave to amend the complaint to increase the amount of damages sought after having ruled that the amount in controversy exceeded $75,000 and that it was not bound by the

plaintiff's affidavit. *Id.* at *2. The court also determined that the plaintiff did not act in "bad faith" because he was "forthright that the reason for limiting his damages was to stay in the forum of his choice." *Id.*

*Hatfield* is distinguishable from this case because the court put no stock in the plaintiff's damages-limiting affidavit in ruling on his motion to remand. *See Hatfield v. Wilson*, No. 3:12-0944, 2012 WL 1899653, at *2 (S.D. W. Va. May 24, 2012) ("Post-removal affidavits . . . will not defeat federal jurisdiction."). Here, the Court considered the Lowery affidavit pursuant to Fifth Circuit precedent and found that Marlow had "limited its potential recovery to an amount less than $75,000, as to damages . . . ." (*See* Mem. Op. and Order [18] at p. 4.) Remand was denied because the Court also considered the costs and expenses associated with Marlow's request for injunctive relief in determining the amount in controversy. Injunctive relief does not appear to have been at issue in *Hatfield*.

Furthermore, this Court will not overlook the contradictory nature of allowing a party to recover more than $50,000 in damages when that party's principal has executed a sworn affidavit stating that he would "under no circumstances accept a judgment in this case in excess of $50,000.00." (*See* Lowery Aff. [3-1] at ¶ 4.) Ignoring this contradiction would encourage forum manipulation via a party submitting a sworn statement that it only intends to stand by if it is successful in avoiding federal jurisdiction. If this Court expects a state court to enforce a damages-limiting affidavit on remand "either as a judicial admission, judicial estoppel or a matter of preclusion",[2] or to

---

[2] *Arnold*, 277 F.3d at 776 n.3.

preclude a plaintiff from perpetrating "a fraud on this Court",[3] this Court must do the same in the event the proceeding remains in federal court.

Marlow's reliance on the $1,060,000 judgment demanded in the Amended Complaint [25] in opposition to BellSouth's motion changes nothing.  Although the Amended Complaint was filed after the submission of the Lowery affidavit, Mr. Lowery stated that the damage limitation of $50,000 could not "be rescinded or revoked *under any circumstances* regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action." (Lowery Aff. [3-1] at ¶ 5) (emphasis added). Such broad circumstances necessarily encompass the filing of an amended complaint. Moreover, it is well established that sworn statements prevail over arguments of counsel and unsworn allegations contained in pleadings.  *See Nettles v. Travelers Prop. Cas. Ins. Co.*, 375 F. Supp. 2d 489, 492 (S.D. Miss. 2005) (providing that in the context of a request for summary judgment, the nonmovant "may not rely on mere denial of material facts, or unsworn allegations in the pleadings, or arguments and assertions in briefs or legal memoranda but must, by affidavit or otherwise, set forth specific facts showing that there is a genuine issue for trial"); *cf. Boyd v. Dolgencorp, Inc.*, No. 5:12cv48, 2012 WL 3779952, at *3-4 (S.D. Miss. Aug. 31, 2012) (finding that an affidavit executed by the plaintiff's counsel could not bind the plaintiff, "who can circumvent the affidavit's intended effect by finding another attorney to amend the complaint"; and thus, giving the plaintiff ten (10) days to file a binding affidavit limiting her recovery to $75,000).

The Court will hold Marlow

---

[3] *F.M.B.*, 2009 WL 426435, at *2 n.1.

to its word and cap its recoverable damages in this cause "at $50,000.00 exclusive of interest and costs." (Lowery Aff. [3-1] at ¶ 3.)  However, this does not necessitate an "order precluding Marlow, its counsel and its witnesses from making any argument, reference, suggestion, or comment that it is entitled to damages in excess of $50,000 . . . ." (BellSouth's Mot. in Limine [152] at p. 5.)  The purpose of a motion in limine is to prohibit a jury from considering "evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). The Court finds that the best way to ensure a jury verdict free from prejudice would be to allow Marlow to make its damages case without reference to or recognition of the $50,000 limitation and then, if necessary, reduce any jury award in excess of that amount.  This should facilitate the admission of relevant evidence at trial, avoid jury confusion, and preclude the jury from being predisposed to awarding damages in any specific amount.  Federal courts commonly reduce damages pursuant to statutory caps following a jury award,[4] and at least one Mississippi trial court has reduced a jury award in light of a plaintiff's damages-limiting affidavit.[5]

---

[4] *See, e.g.*, *Black v. Pan Am. Labs.*, L.L.C., 646 F.3d 254, 263-64 (5th Cir. 2011); *Rieger v. Group Health Ass'n*, 851 F. Supp. 788, 793 (N.D. Miss. 1994).

[5] *See Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 73 (¶ 75) (Miss. 2004).  The Mississippi Supreme Court did not address the appropriateness *vel non* of the trial court's reduction of damages since it found that the plaintiff was not entitled to any damages whatsoever.

### III.  CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that BellSouth's Motion in Limine Regarding Evidence of Damages in Excess of $50,000 [152] is granted in part and denied in part. Plaintiff Marlow LLC will be precluded from recovering more than $50,000 in damages, exclusive of interest and costs, in this lawsuit.  This damage limitation will not prevent Marlow from presenting evidence at trial and will be applied only if the jury returns an award in excess of $50,000.

SO ORDERED AND ADJUDGED this the 2nd day of January, 2013

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE