IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**MARLOW LLC**                                                                                      **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 2:10cv135-KS-MTP**

**BELLSOUTH TELECOMMUNICATIONS, INC.;**
**And BELLSOUTH TELECOMMUNICATIONS, INC.**
**d/b/a AT&T MISSISSIPPI**                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant BellSouth Telecommunications, Inc.'s ("BellSouth") Motion in Limine Regarding Damages [150]. Having considered the motion, the response, the record and the applicable law, the Court finds that the motion should be granted in part and denied in part.

### I.  BACKGROUND

On April 29, 2010, Plaintiff Marlow LLC ("Marlow") initiated this suit against BellSouth in the Chancery Court of Forrest County, Mississippi, alleging trespass and other claims arising from BellSouth's maintenance of telecommunications equipment on real property owned by Marlow. (*See* Compl. [1-3 at ECF p. 3].)  Subsequent procedural circumstances need not be detailed here given the Court's prior rulings in this cause. (*See* Orders [69], [122], [133].)

### II.  DISCUSSION

A.   **Standard of Review**

The United States Court of Appeals for the Fifth Circuit has provided the following guidance:

A motion in limine is a motion made prior to trial for the purpose of prohibiting

> opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted). Further, the Jackson Division of this Court and numerous other federal courts have found "that motions *in limine* may be used to secure a pretrial ruling that certain evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases).

### B.     Whether Any Damages for Trespass Are Recoverable

BellSouth first asserts that Marlow is not entitled to any damages for trespass in this action. BellSouth cites to portions of the Fifth Circuit's June 27, 2012 opinion in this cause in support of this contention. *See Marlow, L.L.C. v. BellSouth Telecommunications, Inc.*, 686 F.3d 303 (5th Cir. 2012). The Fifth Circuit found that Marlow was not entitled to damages based on the diminished value of the property at the time of its purchase in 2006 pursuant to Mississippi's prior trespass doctrine. *See id.* at 312-13. "Under that doctrine, a purchaser of land is generally precluded from recovering for trespasses or property damage that occurred prior to the land's purchase unless such right to recovery has been explicitly assigned by the seller." *Id.* at 312. Marlow was on notice of the presence of telephone lines on the property at the time of the purchase and Marlow's predecessor in title did not assign any trespass claim to it. *See id.* at 312-13. If Marlow failed to factor into the purchase price the presence of the telephone lines on the property, that is "not something about which Marlow can now complain." *Id.* at 313. BellSouth thus argues that "Marlow is not entitled to any

additional compensation for the temporary presence of the equipment on its property from the date of purchase to the date the equipment is removed because the price it paid for the property in 2006 reflected the presence of the equipment." (BellSouth's Mot. in Limine [150] at p. 2.)

BellSouth's argument is not well taken because it ignores the following portion of the Fifth Circuit's opinion, which left the door open for Marlow to recover damages for a continuing trespass:

> We also conclude that the prior trespass doctrine is not a relevant principle in deciding what damages would be owed if BellSouth is a continuing trespasser with fixtures on Marlow's property for which it has no right of possession. We leave the appropriate elements of damages for the district court to determine in further proceedings should BellSouth not succeed on its alternative argument for an easement.

*Marlow, L.L.C.*, 686 F.3d at 313.  BellSouth did not succeed on its alternative prescriptive easement argument on remand.  (*See* Mem. Op. and Order [133].)  Thus, Marlow may very well be found entitled to certain damages under Mississippi law upon the trial of this action.  *See, e.g.*, *City of Jackson v. Filtrol Corp.*, 624 F.2d 1384, 1391 (5th Cir. 1980) (relying on Mississippi law in holding that the prior trespass doctrine did not preclude the recovery of special damages caused by an invasion of property); *R & S Dev., Inc. v. Wilson*, 534 So. 2d 1008, 1012 (Miss. 1988) (providing that "the proper measure of damage is the cost of restoration" where the injury to land is temporary and subject to repair); *Thomas v. Harrah's Vicksburg Corp.*, 734 So. 2d 312, 319 (¶ 17) (Miss. Ct. App. 1999) ("[T]he proper award of damages for common law trespass is the reasonable rental value of the property.").

BellSouth's "temporary presence of the equipment" argument also overlooks the

fact that it still maintains telecommunications equipment on Marlow's property. Although BellSouth is in the process of removing certain equipment, it "plans to abandon the underground cable in place." (BellSouth's Mot. in Limine [150] at p. 2 n.1.) As a result, BellSouth's use of Marlow's property cannot be considered "temporary" at this point in time.

In sum, BellSouth has offered no arguments or authorities justifying the entry of an order precluding Marlow from recovering any damages for trespass. Consequently, this portion of the Motion in Limine [150] will be denied.

    **C.    Whether Certain Damages Are Recoverable**

        **1.    Damages for trespass that occurred prior to April 29, 2007, three years prior to Marlow filing suit**

Marlow and BellSouth agree that this action is subject to a three-year statute of limitations pursuant to section 15-1-49(1) of the Mississippi Code. However, the parties disagree as to whether section 15-1-49(1) precludes the recovery of certain damages in this cause. BellSouth's position is that "Marlow may not seek damages for trespass that occurred prior to April 29, 2007, three years prior to April 29, 2010, the date Marlow filed its original complaint." (BellSouth's Mot. in Limine [150] at p. 4.) Marlow contends that BellSouth has waived its statute of limitations of defense. Marlow's waiver argument is principally based on Mississippi case law providing that "[a] defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver." *MS Credit Center, Inc. v. Horton*, 926 So. 2d 167, 180 (¶ 44) (Miss.

2006).

Marlow's reliance on *Horton* and its progeny is misplaced. Although affirmative defenses are defined by substantive state law in diversity cases, "the Federal Rules of Civil Procedure provide the manner and time in which defenses are raised and when waiver occurs." *Bryant v. Wyeth, Inc.*, 816 F. Supp. 2d 329, 332 (S.D. Miss. 2011) (rejecting the application of *Horton* in determining whether the defendant waived its statute of limitations defense) (citations omitted), *aff'd*, 2012 WL 3854550 (5th Cir. Sept. 5, 2012). Generally, Federal Rule of Civil Procedure 8(c) requires affirmative defenses to be raised in the defendant's first responsive pleading. *See Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009). However, an affirmative defense is not waived if it is raised "'at a pragmatically sufficient time, and [the plaintiff] [i]s not prejudiced in its ability to respond.'" *Id.* (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir. 1983)). "Central to requiring the pleading of affirmative defenses is the prevention of unfair surprise." *Bryant*, 816 F. Supp. 2d at 332.

Marlow could not have been unfairly surprised by BellSouth's reliance on section 15-1-49(1) in the subject motion since the statute of limitations was raised as an affirmative defense in BellSouth's Answer [39]. Further, Marlow has not been prejudiced in its ability to respond to this defense. Marlow's Response [158] to BellSouth's Motion in Limine [150] could have addressed the merits of the defense in addition to raising the procedural issue of waiver. Therefore, BellSouth has not waived its ability to rely on the statute of limitations under Rule 8(c) or the above-cited federal precedent.

Marlow also posits that BellSouth's Motion in Limine [150] is an inappropriate

vehicle for raising a statute of limitations defense.  (*See* Marlow's Resp. [158] at p. 7) ("Through a motion *in limine*, BellSouth is seeking to limit Marlow's recoverable compensatory damages, an area touching upon matters that sound in dispositive adjudication.")  There is support for this contention.  "[A] motion *in limine* cannot be a substitute for a motion for summary judgment, a motion to dismiss, or a motion for directed verdict."  *Morgan v. Mississippi*, No. 2:07cv15, 2009 WL 3259233, at *1 (S.D. Miss. Oct. 8, 2009) (citing 21 Charles Alan Wright & Kenneth W. Graham, Jr., *Fed. Prac. & Proc.* § 5037.18 (2d ed. 2009)) (stating "the preexisting caselaw provides ammunition against those who would use the motion in limine as a substitute for a motion for summary judgment or other peremptory ruing in civil cases") (other citations omitted).  The dispositive motion deadline in this case has long since passed.  Further, BellSouth's prior Motion for Summary Judgment [97] made no mention of the statute of limitations.  Thus, this portion of the Motion in Limine [150] will be denied in the nature of an untimely motion for summary judgment.

### 2. Damages for emotional distress

BellSouth has asserted, and Marlow has conceded that it is not entitled to recover damages for the tort of intentional infliction of emotional distress because of its status as a limited liability company.  Therefore, this portion of the Motion in Limine [150] will be granted as confessed.

### 3. Punitive damages and attorney fees

BellSouth argues that Marlow should be prohibited from presenting evidence in support of punitive damages and attorney fees because this Court previously granted

summary judgment in favor of BellSouth on the issue of punitive damages and Marlow did not appeal that portion of the Court's ruling.  Alternatively, BellSouth contends that there is no evidence showing that it acted in such a manner as to justify an award of punitive damages.  In response, Marlow asserts that BellSouth is again improperly attempting to obtain a dispositive ruling as to certain recoverable damages through a motion in limine.  Marlow further asserts that the Fifth Circuit's decision on appeal potentially allows it to recover punitive damages arising out of BellSouth's alleged trespass.

BellSouth is not procedurally prohibited from challenging Marlow's ability to recover punitive damages at this time.  Unlike BellSouth's statute of limitations defense, BellSouth's request to preclude Marlow from recovering punitive damages was made part of its Motion for Summary Judgment [97], which was filed within the dispositive motion deadline.  If Marlow is correct that the Fifth Circuit's subsequent ruling *potentially* allows it to recover punitive damages, then BellSouth should be permitted to argue that Marlow is *actually* not entitled to punitive damages following remand notwithstanding the expiration of the dispositive motion deadline.

As to the merits of BellSouth's argument, the Court finds that its previous grant of BellSouth's Motion for Summary Judgment [97] does not completely foreclose Marlow's ability to recover punitive damages at trial.  The Court's prior Order [122] focused on Marlow's request for punitive damages in relation to its slander of title claim arising from BellSouth's attempt to obtain easements on the subject property in 2010.  The Court found "absolutely no evidence from which to infer that BellSouth acted with malice in obtaining the 2010 Easements, rather than in good faith and in reliance on the advice of

counsel." (*See* Mem. Op. and Order [122] at p. 19.)  This ruling was affirmed on appeal[1] and Marlow correctly notes that it is now foreclosed from maintaining a slander of title claim and recovering any punitive damages arising from the claim.  Yet, the Fifth Circuit left open the measure of damages available to Marlow if BellSouth was found to be a continuing trespasser following remand.  *See Marlow, L.L.C.*, 686 F.3d at 313.  "'In the case of a trespass, punitive damages may be awarded if the proof shows that the trespass was willful, grossly negligent or wanton.'"  *Patterson v. Holleman*, 917 So. 2d 125, 135 (¶ 29) (Miss. Ct. App. 2005) (quoting *Teasley v. Buford*, 876 So. 2d 1070, 1078 (¶ 16) (Miss. Ct. App. 2004)).  "[A]ttorneys fees may be included as part of an award of punitive damages."  *Wilson*, 534 So. 2d at 1013.  The Court previously held that BellSouth had a constructive license across Marlow's property, thus precluding any claim for trespass.  Since this ruling was reversed by the Fifth Circuit,[2] Marlow may potentially recover punitive damages and related attorney fees "if the proof [at trial] shows that the trespass was willful, grossly negligent or wanton."  *Patterson*, 917 So. 2d at 135 (¶ 29).

The Court will defer ruling as to whether the jury may consider awarding punitive damages until after it has heard all of the evidence at trial.  This approach has previously been taken by this Court,[3] and falls within the contours of Mississippi's statutory bifurcated framework concerning the recovery of punitive damages.  *See* Miss.

---

[1] *See Marlow, L.L.C.*, 686 F.3d at 313-14.

[2] *See Marlow, L.L.C.*, 686 F.3d at 312.

[3] *See Lewis v. Kinder Morgan Se. Terminals, LLC*, No. 2:07cv47, 2008 WL 3540174, at *12 (S.D. Miss. Aug. 6, 2008).

Code Ann. § 11-1-65(1)(b)-(c).  Therefore, this portion of BellSouth's Motion in Limine [150] will be denied.

### 4. Damages for time spent by Erik Lowrey on the case

BellSouth has asserted, and Marlow has conceded that it is not entitled to recover damages for professional legal services performed by Erik M. Lowrey, Esquire, in this litigation or for loss of income experienced by Erik M. Lowrey, P.A., as a result of this litigation.  Therefore, this portion of the Motion in Limine [150] will be granted as confessed.

### III.  CONCLUSION

For the above-stated reasons:

IT IS ORDERED AND ADJUDGED that BellSouth's Motion in Limine Regarding Damages [150] is granted in part and denied in part.  The motion is granted to the extent that Marlow will be precluded from offering any argument or evidence at trial in support of damages for emotional distress or for time spent by Erik Lowrey on this case. The motion is denied in all other respects.

SO ORDERED AND ADJUDGED this the 9th day of January, 2013.

                                              *s/Keith Starrett*
                                              UNITED STATES DISTRICT JUDGE