IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARLOW LLC                                                          PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 2:10cv135-KS-MTP

BELLSOUTH TELECOMMUNICATIONS, INC.;
And BELLSOUTH TELECOMMUNICATIONS, INC.
d/b/a AT&T MISSISSIPPI                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff Marlow LLC's Motion for

Reconsideration or in the Alternative Certification of Immediate Interlocutory Appeal

[166].  Having considered the motion, the response, the record and the applicable law,

the Court finds that the motion should be denied.

## I.  BACKGROUND

On January 2, 2013, the Court entered its Memorandum Opinion and Order

[164], granting in part and denying in part Defendant BellSouth Telecommunications,

Inc.'s ("BellSouth") Motion in Limine Regarding Evidence of Damages in Excess of

$50,000 [152].  The Court held that Marlow LLC ("Marlow") "will be precluded from

recovering more than $50,000 in damages, exclusive of interest and costs, in this

lawsuit.  This damage limitation will not prevent Marlow from presenting evidence at trial

and will be applied only if the jury returns an award in excess of $50,000."  (Mem. Op.

and Order [164] at p. 8.)  This ruling was based on the affidavit of Marlow's sole

member, Erik M. Lowrey, submitted in support of Marlow's Motion to Remand [2].  Mr.

Lowrey's affidavit states, *inter alia*, that "I irrevocably agree to the entry of an order of

this Court which places an irrevocable cap upon the amount of damages which may be

sought by or awarded to me in this case, and that this cap shall be set at $50,000.00 exclusive of interest and costs." (Lowrey Aff. [3-1] at ¶ 3.)  Marlow contends that the Court's Order [164] should be reconsidered and vacated to correct a clear error of law and prevent manifest injustice pursuant to Federal Rule of Civil Procedure 59(e). Alternatively, Marlow requests that the Court certify the Order [164] for immediate interlocutory appeal pursuant to Title 28 U.S.C. § 1292(b).

## II.  DISCUSSION

The Federal Rules of Civil Procedure do not explicitly recognize a motion for reconsideration.  However, this Court and others consider such motions under Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment), when they are filed within the time period specified under this Rule.  *See, e.g., B & C Marine, LLC v. Cabiran*, No. 12-1015, 2013 WL 950562, at *1 (E.D. La. Mar. 11, 2013); *Garrison v. Tex. S. Univ.*, No. H-11-2368, 2013 WL 247028, at *1 (S.D. Tex. Jan. 22, 2013); *Insurasource, Inc. v. Fireman's Fund Ins. Co.*, No. 2:11CV82, 2012 WL 1365083, at *1-2 (S.D. Miss. Apr. 19, 2012).  Marlow's motion was filed nine (9) days after the entry of the subject Order [164], which was well within Rule 59(e)'s 28-day deadline.  Therefore, Rule 59(e) and its interpretive precedent will be applied.

The court only recognizes three grounds for reconsideration under Rule 59(e): "'(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent a manifest injustice.'"  *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 494 (S.D. Miss. 2000) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).  Marlow's motion is limited to the third ground of the above-quoted

-2-

standard.  With respect to this ground, the Court has previously cautioned that the

litigant "should evaluate whether what may seem to be a clear error of law is in fact

simply a point of disagreement between the Court and the litigant."  *Atkins*, 130 F.R.D.

at 626.  A Rule 59(e) motion is not a proper vehicle for raising arguments or legal

theories that could have been presented prior to the entry of the challenged ruling.  *See*

*Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Marseilles*

*Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir.

2008)).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it

is intended to give an unhappy litigant one additional chance to sway the judge."  *Pham*,

193 F.R.D. at 494.

Marlow's arguments in favor of reconsideration evidence its disagreement with

the Court's Order [164], as opposed to any clear error of law.  First, Marlow contends

that the Order [164] violates the law of the case doctrine because it contradicts the

Court's July 13, 2010 Memorandum Opinion and Order [18], denying Marlow's Motion to

Remand [2].  The Court's decision to limit Marlow's damages at $50,000 pursuant to the

Lowrey Affidavit [3-1] fully considered its prior Order [18], including, but not limited to,

the portion of that Order finding it "abundantly clear to this court that the plaintiff has

now properly limited its potential recovery to an amount less than $75,000, as to

damages . . . ."  (Mem. Op. and Order [18] at p. 4.)  Marlow's failure to recognize the

existence of this portion of the Order [18] does not erase it or somehow make it go

away.  The Court's finding on the Motion to Remand [2] that the amount in controversy

was not limited to Marlow's self-imposed damage cap of $50,000, but also included

sums that BellSouth might have to pay as a result of, but outside the litigation (the costs

of moving and relocating its equipment or payment for future use of the property) does not conflict with holding Marlow to its word that it would "under no circumstances accept a judgment in this case in excess of $50,000.00." (Lowrey Aff. [3-1] at ¶ 4.)

Second, Marlow argues that the filing of the Amended Complaint [25], seeking judgment in the amount of $1,060,000.00, negated the effect of the prior Lowrey Affidavit [3-1]. This contention was considered and rejected in the Court's Order [164]. Marlow's attempt at "a second bite at the apple" on this issue is not well taken. *Bell v. Texaco, Inc.*, No. 5:09cv192, 2010 WL 1490144, at *3 (S.D. Miss. Apr. 13, 2010). For example, Marlow "strongly disagrees"[1] with the Court's conclusion that the filing of an amended complaint falls within the scope of the following circumstances that Mr. Lowrey stated would not cause Marlow's damage limitation to be rescinded or revoked: "any circumstances regardless of any development which may occur during the investigation, discovery, pretrial, or trial of this action." (Lowrey Aff. [3-1] at ¶ 5.) Marlow's strong disagreement is legally inoperative under Rule 59(e),[2] and nonsensical.

Third, Marlow presents no legal authorities undermining the Court's determination that if it expects a state court to enforce a damages-limiting affidavit on remand "either as a judicial admission, judicial estoppel or a matter of preclusion",[3] or to preclude a plaintiff from perpetrating "a fraud on this Court,"[4] it must do the same in the

---

[1] (Pl.'s Mot. for Recons. [166] at p. 11.)

[2] *See Atkins*, 130 F.R.D. at 626.

[3] *Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 776 n.3 (5th Cir. 2001).

[4] *F.M.B. v. Mega Life & Health Ins. Co.*, No. 3:08cv530, 2009 WL 426435, at *2 n.1 (S.D. Miss. Feb. 18, 2009).

event the proceeding remains in federal court. Marlow cites two district court opinions in support of the proposition that a damages-limiting affidavit is of no effect if the federal court retains jurisdiction. (*See* Pl.'s Mot. for Recons. [166] at pp. 5-6) (citing *Cross v. Bell Helmets, USA*, 927 F. Supp. 209 (E.D. Tex. 1996); *Printworks, Inc. v. Dorn Co.*, 869 F. Supp. 436 (E.D. La. 1994)). Neither opinion contains such a holding. There was no damages-limiting affidavit before the Court in *Cross*. Instead, the plaintiff attempted to amend the complaint to seek an amount below the federal jurisdictional minimum. *See* 927 F. Supp. at 211. In *Printworks, Inc.*, the court remanded the action and did "not reach the novel and rather eccentric issue of limiting the damages" pursuant to plaintiff's sworn statement. *See* 869 F. Supp. at 441 n.10. Marlow's extensive reliance on *Hatfield v. Wilson*, No. 3:12-0944, 2012 WL 4760795 (S.D. W. Va. Oct. 5, 2012), affects nothing since the Court *sua sponte* considered and distinguished that case in the subject Order [164].

Ultimately, Marlow need look no further than Marlow for the source of any alleged "injustice" associated with it being prohibited from recovering damages in excess of $50,000. (Pl.'s Mot. for Recons. [166] at p. 11.) The Court is merely holding Marlow to its voluntary and unequivocal agreement to place "an irrevocable cap upon the amount of damages . . . at $50,000.00 exclusive of interest and costs." (Lowrey Aff. [3-1] at ¶ 3.)

Finally, Marlow's alternative request that the Court certify the Order [164] for interlocutory review under § 1292(b) is without merit. The Fifth Circuit strictly construes the requirements of § 1292(b). *See Ala. Labor Council v. Ala.*, 453 F.2d 922, 924 (5th Cir. 1972). Interlocutory appeals under this statute are only granted in "exceptional

cases".  *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985).  "They are

permitted only when there is a substantial difference of opinion about a controlling

question of law and the resolution of that question will materially advance, not retard,

ultimate termination of the litigation."  *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr.*

*Co.*, 702 F.2d 67, 69 (5th Cir. 1983).  Although there may be a substantial difference of

opinion as to the binding effect of the Lowrey Affidavit [3-1], the resolution of that issue

via an interlocutory appeal would in no way advance the ultimate termination of this

lawsuit.  An interlocutory appeal would only delay the trial of this action, and potentially

allow Marlow to recover more than $50,000 in damages.  All of Marlow's damage

evidence will go to the jury and if the verdict exceeds $50,000 and the appeals court

later disagrees with the Order [164], all it would have to do is reinstate the jury's verdict.

Thus, the Court's interlocutory ruling in the Order [164] is not appropriate for certification

under § 1292(b).

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Marlow LLC's Motion for

Reconsideration or in the Alternative Certification of Immediate Interlocutory Appeal

[166] is denied.

SO ORDERED AND ADJUDGED this the 26th day of March, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE