**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**MARLOW LLC**                                                          **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:10cv135-KS-MTP**

**BELLSOUTH TELECOMMUNICATIONS, INC.;**
**And BELLSOUTH TELECOMMUNICATIONS, INC.**
**d/b/a AT&T MISSISSIPPI**                                              **DEFENDANTS**


### OPINION AND ORDER

This matter is before the Court on the Defendant BellSouth Telecommunications,

Inc.'s ("BellSouth") Motion in Limine Regarding Indemnification [147], Miscellaneous

Motion in Limine [148], Motion in Limine Regarding Allegations Related to 2010

Easements and Slander of Title Claim [149] and Motion in Limine Regarding Purported

Expert Testimony [151].  Having considered the parties' submissions, the record and

the applicable law, the Court finds as follows:

### *Standard of Review*

The United States Court of Appeals for the Fifth Circuit has provided the

following guidance:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting
> opposing counsel from mentioning the existence of, alluding to, or offering
> evidence on matters so highly prejudicial to the moving party that a timely
> motion to strike or an instruction by the court to the jury to disregard the
> offending matter cannot overcome its prejudicial influence on the jurors'
> minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).

Further, the Jackson Division of this Court and numerous other federal courts have

found "that motions *in limine* may be used to secure a pretrial ruling that certain

evidence is admissible." *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 3:11cv58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases).

### *Motion in Limine Regarding Indemnification [147]*

BellSouth seeks to preclude the Plaintiff, Marlow LLC ("Marlow"), from offering evidence of, or making any reference to any indemnification agreement between BellSouth and any third party that would apply to BellSouth's potential liability in this lawsuit. BellSouth contends that evidence of any such indemnification agreement is irrelevant to the issues remaining for trial. BellSouth further argues that allowing the jury to hear evidence of any indemnification agreement between it and a third party would result in jury confusion and cause unfair prejudice and undue delay. *See* Fed. R. Evid. 403. Marlow opposes the motion.

The Court fails to discern how the existence of an indemnification agreement between BellSouth and a third party would make any fact for the jury's consideration "more or less probable than it would be without the evidence . . . ." Fed. R. Evid. 401. Even if relevant, it is a general rule that the existence of insurance or other indemnity should not be submitted to the jury on the issue of damages. *See, e.g.*, *Larez v. Holcomb*, 16 F.3d 1513, 1518-19 (9th Cir. 1994); *Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967); *Indamer Corp. v. Crandon*, 217 F.2d 391, 394 (5th Cir. 1954). Although this rule is usually applied to preclude a defendant from showing that a plaintiff's injuries or damages have been made less severe due to insurance, the rule is no less applicable where a defendant's right to indemnification is at issue. *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011) (granting defendant police officers' motion in limine precluding the plaintiff from showing that the City may

indemnify the officers in the event of liability); *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1030 (N.D. Ill. 2011) (same); *cf. Howell v. Imperial Palace*, No. 1:09cv7, 2010 WL 122239, at *1-2 (S.D. Miss. Jan. 6, 2010) (bifurcating plaintiff's liability claims and defendants' indemnification crossclaims for purposes of trial under Fed. R. Civ. P. 42(b)). Just as a jury may be inclined to award a plaintiff a lesser sum if it finds he has already been compensated through insurance proceeds, it may also decide to award a greater sum if it believes the defendant has made arrangements to be indemnified for any loss. *Cf. Larez*, 16 F.3d at 1519 ("In this case, having been told that . . . [the defendant] would not bear the burden of a damages award, the jury might have been tempted, out of sympathy for . . . [the plaintiff], to inflate the award . . . ."). Therefore, this motion is granted and Marlow will be precluded from addressing the existence of any indemnification agreement between BellSouth and any third party in front of the jury.

### *Miscellaneous Motion in Limine [148]*

Marlow does not oppose the portion of this motion requesting an order precluding the "Plaintiff, its counsel, and its witnesses . . . [from making] any reference to the fact that BellSouth may not or does not have a non-lawyer representative at trial at any particular time." (Def.'s Mot. in Limine [148] at ¶ 5.) Thus, this portion of the motion is granted as unopposed. BellSouth's other miscellaneous requests for exclusion are opposed.

As to BellSouth's size or monetary worth, the motion is granted insofar as Marlow may not address BellSouth's monetary or net worth unless and until the jury has returned a verdict for compensatory damages and the Court rules that there is enough

evidence for the jury to consider an award of punitive damages.  *See* Miss. Code Ann. §

11-1-65(1) (stipulating a bifurcated framework with respect to the recovery of punitive

damages).  However, the motion is denied insofar as Marlow will be allowed to rebut

testimony, if any, during the liability phase of the trial that BellSouth's monetary or net

worth precluded or precludes it from removing telecommunications equipment from

Marlow's property.  The Court will give a limiting instruction to the jury regarding the

specific purpose for which it may consider this evidence if necessary.  The motion is

also denied with respect to BellSouth's request for a blanket exclusion regarding

questions or statements concerning its "size".  BellSouth's size does not appear to be

particularly relevant, but general references to it may be unavoidable and the potential

for undue prejudice warranting a blanket exclusion has not been shown.  *Cf. Hankins v.

Ford Motor Co.*, No. 3:08cv639, 2012 WL 174793, at *7 (S.D. Miss. Jan. 20, 2012)

(denying, in part, Ford's overly broad motion in limine that would have precluded "stray

references to facts within common knowledge, like the fact that Ford is a large company

that sells many cars each year").  BellSouth may make specific objections at trial to any

questions or statements regarding its size.

With respect to the size or geographic location of the law firms representing

BellSouth, the motion will be granted since such matters have no bearing on the issues

remaining for trial.  However, Marlow and BellSouth will be permitted during voir dire to

identify each lawyer and law firm representing the parties to ensure that no juror has a

conflict.

Regarding the fact that this suit was initially filed in state court and that BellSouth

subsequently removed the proceeding to federal court, the motion will be granted since

these matters also have no bearing on the issues remaining for trial. As to Marlow's objection, it will be given an opportunity to submit a bill of costs following the entry of judgment if it is the prevailing party under Federal Rule of Civil Procedure 54(d). *See* L.U.Civ.R. 54(c). Title 28 U.S.C. § 1920, listing the types of recoverable costs, precludes any necessity of witness testimony regarding the costs of litigating this matter in federal court versus litigation in state chancery court.

Finally, BellSouth's request for an order precluding the Plaintiff from making "any reference to the cost of preparing exhibits in this case or the cost of defense of this case" will be granted. (Def.'s Misc. Mot. in Limine [148] at ¶ 4.) Allowing the jury to hear evidence from either party regarding the costs of preparing exhibits will serve no useful purpose since the Court or the Clerk, as opposed to the jury, will tax costs. *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1). Therefore, neither party will be permitted to reference the costs of preparing exhibits in front of the jury. Also, neither party will be permitted to address BellSouth's "cost of defense" before the jury since the relevance of this matter is not evident and the risk of jury confusion, undue delay, and wasted time resulting from the jury considering this issue is substantial. These rulings will not preclude Marlow from presenting evidence of *its* attorney's fees to the Court in the event that the Court permits the jury to consider an award of punitive damages. *See Puckett v. Gordon*, 16 So. 3d 764, 771 (¶ 26) (Miss. Ct. App. 2009) (providing that the trial court may determine a reasonable amount of attorney's fees in favor of a party entitled to the recovery of punitive damages) (citations omitted).

### *Motion in Limine Regarding Allegations Related to 2010 Easements and Slander of Title Claim [149]*

BellSouth seeks an order precluding Marlow from addressing before the jury its previously dismissed slander of title claim and certain 2010 easements related to the claim. BellSouth argues that these matters are irrelevant to the issues remaining for trial and that any reference to them would result in undue prejudice. Marlow argues that the motion should be granted in part and denied in part. Marlow concedes that evidence offered solely for the purpose of proving slander of title should be excluded, but opposes a blanket order that may reach evidence probative of its remaining trespass claim and now-dismissed slander of title claim.

The Court finds that this motion should be granted in part and denied in part. Any explicit references to Marlow's "slander of title" claim, or evidence or statements to the effect that BellSouth engaged in any "fraudulent", "malicious" or otherwise "wrongful" conduct in an effort to "slander" Marlow's title will not be permitted before the jury. (*See* Am. Compl. [25] at ¶¶ 23-26.) Such references and statements are irrelevant given the dismissal of count three of the Amended Complaint. Furthermore, allowing the jury to consider this evidence would unfairly prejudice BellSouth and give rise to a substantial risk of jury confusion.

At the same time, the Court does not find that mere references to the 2010 easements or BellSouth's efforts to obtain the easements would be so prejudicial that a timely objection or instruction to the jury could not overcome the prejudicial effect on the jurors' minds. *See O'Rear*, 554 F.2d at 1306 n.1. Evidence of the easements may also prove to be admissible on Marlow's trespass claim as this issue is developed at trial. Therefore, the motion will be denied with respect to evidence of the 2010 easements or BellSouth's efforts to obtain the easements without prejudice to BellSouth's ability to

raise specific objections at trial.

### *Motion in Limine Regarding Purported Expert Testimony [151]*

BellSouth requests an order precluding Marlow from calling William Smith, Jay Rodgers, Ken West and Erik Lowrey as expert witnesses under Rule 702 of the Federal Rules of Evidence. BellSouth's motion is based, in large part, on the alleged untimeliness of Marlow's disclosure of these individuals as experts and/or the disclosure of certain of their opinions. Marlow's expert designation deadline in this case expired on January 24, 2011. Marlow's Second Supplemental Responses to BellSouth's First Set of Interrogatories, identifying the witnesses and opinions made the subject of BellSouth's motion, were served on November 26, 2012.

Under Rule 26 of the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). As to a retained expert witness, a party's disclosure must include a written report prepared by the witness containing, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them; [and] the facts or data considered by the witness in forming them . . . ." Fed. R. Civ. P. 26(a)(2)(B). The purpose behind the expert report requirement "is to avoid the disclosure of 'sketchy and vague' expert information, as was the practice under the former rule." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (citing Fed. R. Civ. P. 26 advisory committee's note). Generally, non-retained expert witnesses are not required to submit written reports. However, a party's designation of a non-retained expert must

disclose the subjects on which the witness is expected to present testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

Expert disclosures are to be made in the sequence ordered by the court and are to be supplemented in accordance with Rule 26(e). *See* Fed. R. Civ. P. 26(a)(2)(D)-(E). Under this Court's Local Uniform Civil Rules, absent a finding of just cause, a party's failure to make full expert disclosures by its "expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2). Further, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed.R.Civ.P. 26(e) and in no event later than the discovery deadline established by the case management order." L.U.Civ.R. 26(a)(5). A party seeking to designate an expert without providing full disclosure will not be considered to have met its expert designation deadline and the disclosure may be stricken upon motion or by the court sua sponte. L.U.Civ.R. 26(a)(2)(B).

Marlow appears to contend that the subject testimony was disclosed pursuant to its duty to supplement under the Federal Rules because certain court rulings rendered the information previously disclosed incomplete or incorrect. Even if Marlow is correct as to the effect of these court rulings, its supplementation was still untimely. The last day for the parties to supplement expert disclosures was April 1, 2011, the discovery deadline. *See* L.U.Civ.R. 26(a)(5). Marlow's supplementation was served approximately one year and seven months subsequent to that deadline. If Marlow believed that the Fifth Circuit or this Court's rulings entered subsequent to the discovery deadline necessitated supplementation, the proper course of action would have been

for it either to file a motion for leave or to address this need at the telephonic status conferences held on August 23, 2012 and October 24, 2012. Marlow took neither course of action. Therefore, Marlow's expert witness supplementation falls within the scope of Federal Rule of Civil Procedure 37. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

District courts possess broad, considerable discretion in discovery matters. *See Sierra Club*, 73 F.3d at 569. That discretion, however, is to be guided by the following four factors in determining whether to exclude untimely expert witness testimony: "(1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order." *Id.* at 572 (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)). The Court will apply the preceding factors to each of the witnesses at issue in BellSouth's motion.

### 1. William Smith, Esq.

Mr. Smith is a retained expert witness and Marlow timely served his written report in accordance with Fed. R. Civ. P. 26(a)(2)(B) on January 24, 2011. (*See* Doc. No. [67-6].) Mr. Smith is an attorney, licensed to practice in the State of Mississippi, with extensive experience in real estate transactions. Mr. Smith's January of 2011 report largely provides that the easements executed by Earl Burkett and Helen L. Burkett, the former owners of the subject property, in favor of BellSouth are void and of no effect.

Marlow's November of 2012 Second Supplemental Responses to BellSouth's First Set

of Interrogatories ("Supplemental Responses") indicate that Mr. Smith will testify to the

following:

> [T]hat BellSouth Telecommunications, Inc. never had any right to be on
> Marlow's property "under color of title" as any theory advanced by BellSouth
> Telecommunications, Inc. is not supported by any principal of law established
> in the State of Mississippi as it effects rights and title to real property and that
> Bellsouth Telecommunications, Inc. has been trespassing on Marlow, LLC's
> property from day one and has thus interfered with the fundamental rights of
> a property owner; use and enjoyment of his or her real property and the
> ability to freely market, develop and/or sell the subject property . . . and [that]
> the actions of BellSouth Telecommunications, Inc. and/or its agents and
> contractors have been outrageous, malicious and illegal.

(Suppl. Resps. [151-1] at p. 28.)

As an initial matter, BellSouth argues that Mr. Smith's timely disclosed January of

2011 opinions should be excluded on the basis of relevance.  BellSouth contends that

Mr. Smith's initial opinions regarding the effect of the Burkett easements are

unnecessary because the Court has held that the subject "easements are void, just as

Mr. Smith opined."  (Def.'s Mot. in Limine [151] at ¶ 9.)  This request for exclusion will

be denied.  Although the importance of Mr. Smith's original opinions can be questioned

given the Court's subsequent rulings, (*see* Judg. Void. Easements [76]; Judg. Remov.

Cloud on Title [167]), they still may have some bearing on Marlow's trespass claim.

*See Reeves v. Meridian S. Ry., LLC*, 61 So. 3d 964, 968 (¶ 19) (Miss. Ct. App. 2011)

("A trespass to land is committed when a person intentionally invades the land of

another *without a licence or other right*.") (citation omitted; emphasis added).  Thus, the

Court finds that BellSouth's objection to Mr. Smith's timely disclosed opinions chiefly

goes to "the weight of the testimony, not its admissibility", which BellSouth may attack at trial. *United States v. Valencia*, 600 F.3d 389, 429 (5th Cir. 2010).

In applying the *Bradley/Sierra Club* factors to Mr. Smith's supplemental opinions, the Court finds BellSouth's request for exclusion well taken. First, the expected testimony is not particularly important to the issues remaining for trial. The absence of any legal right for BellSouth's use of the subject property appears to be the law of the case. (*See* Judgments [76, 167]; Mem. Op. and Order [133]; *Marlow, L.L.C. v. BellSouth Telecommunications, Inc.*, 686 F.3d 303 (5th Cir. 2012)). Moreover, most of the opinions constitute impermissible legal conclusions, which will not assist the trier of fact. *See Snap-Drape, Inc. v. Comm'r*, 98 F.3d 194, 198 (5th Cir. 1996) (providing that Rule 704 does not permit an expert to offer a conclusion of law); *Versai Mgmt. Corp. v. Landmark Am. Ins. Corp.*, No. 11-290, 2013 WL 681902, at *3 (E.D. La. Feb. 22, 2013) (granting motion in limine as to expert's legal conclusions that "Defendant's conduct was intentional, arbitrary and capricious, or malicious"). Evidence that would not be allowed before the jury is unimportant for purposes of trial.

Second, BellSouth would be prejudiced if Mr. Smith were allowed to testify in accordance with the opinions disclosed in Marlow's Supplemental Responses. It would be improper for Marlow's expert to tell the jury what result it should reach and it is the Court's role to instruct the jury on the applicable law. *See BNY Mellon N.A. v. Affordable Holdings, Inc.*, No. 1:09cv226, 2011 WL 2746301, at *1 (N.D. Miss. July 12, 2011). Furthermore, unlike Marlow's original expert designation, there is no signed report from Mr. Smith accompanying the Supplemental Responses setting forth the "basis and reasons" for his additional opinions or "the facts or data considered by" him

in forming the opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). "The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent." *Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) (citation and internal quotation marks omitted). That purpose would not be served by allowing Mr. Smith to testify at trial without the pretrial disclosure of the facts, data or reasons underlying his additional opinions. Also, allowing Mr. Smith's additional opinions would likely require BellSouth to prepare supplemental expert testimony for purposes of rebuttal, resulting in the disruption of "the court's discovery schedule and the opponent's [trial] preparation." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (affirming the trial court's exclusion of expert testimony based on untimely disclosure).

Third, a continuance should cure any prejudice to BellSouth by giving it time to discover the bases for Mr. Smith's additional opinions, and allow for its experts to prepare rebuttal testimony. On the other hand, a continuance would result "in additional delay and increase[] the expense of defending the lawsuit." *Id.* at 792. Further, "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id.* Therefore, this factor only slightly weighs against the exclusion of the subject opinions.

Fourth, Marlow has failed to provide any reasonable justification for the untimely disclosure of Mr. Smith's additional opinions. Marlow's apparent basis for all of the supplementation at issue in BellSouth's motion is that the Fifth Circuit's mandate and this Court's prescriptive easement ruling changed Marlow's claimed damages "from the 'taking' claims which were permanent in nature to damages allowed for BellSouth's

temporary yet continuing trespass." (Pl.'s Resp. [155] at ¶ 11.) Marlow made a substantially similar argument in support of its motion to compel BellSouth's responses to interrogatories served approximately nineteen (19) months after the expiration of the discovery deadline. (*See* Pl.'s Mot. to Compel [153] at p. 6) ("[T]he scope of damages being sought by Marlow has shifted due to the manner in which this litigation has unfolded.") In rejecting that argument, the Court found as follows:

> No judicial ruling entered subsequent to April 1, 2011, expanded the measure of damages available to Marlow beyond that demanded in its August 25, 2010 Amended Complaint [25]. For example, the Fifth Circuit's June 27, 2012 opinion in this cause, which Marlow principally relies on in support of its Motion to Compel, foreclosed Marlow's ability to recover certain damages for trespass. *See Marlow, L.L.C. v. BellSouth Telecommunications, Inc.*, 686 F.3d 303, 313 (5th Cir. 2012) ("We agree, then, that damages are not owed for diminished value of the property at the time of purchase."). The fact that Marlow's ability to recover certain damages was limited after the discovery deadline does not somehow operate to allow Marlow to obtain additional discovery.

(Op. and Order [163] at pp. 2-3.) This same reasoning applies to negate Marlow's justification for its late supplementation since the damages it presently claims are encompassed within the broad scope and various types of damages asserted in its August 25, 2010 Amended Complaint. (*See* Am. Compl. [25] at ¶ 32.)

On the whole, the preceding factors conclusively support the exclusion of Mr. Smith's expected testimony disclosed for the first time in Marlow's Supplemental Responses. Accordingly, Mr. Smith will not be permitted to offer this testimony at trial.

### *2. Jay Rodger, Esq.*

Mr. Rodgers is also a Mississippi attorney. He was not disclosed as an expert witness prior to the expiration of Marlow's January 24, 2011, expert witness designation deadline. Mr. Rodgers authored a November 8, 2012 title opinion letter, which was

attached as an exhibit to Marlow's November 13, 2012, Motion for Entry of an Order to Remove Cloud on Marlow, LLC's Property [139]. Mr. Rodgers' letter primarily indicates that it is necessary for the Fifth Circuit's judgment and this Court's prescriptive easement ruling to be entered in the land records of Forrest County in order for a title opinion to reflect that BellSouth has no right to maintain equipment on the subject property or to any easements of record. (*See* Doc. No. [139-1 at ECF p. 6].) Marlow's Supplemental Responses provides the following information regarding Mr. Rodgers:

> Jay Rodgers would have knowledge as to the chain of title as it pertains to the subject property. He has examined the title and updated the same on the Marlow property and has knowledge of the cloud(s) existing on the same from the filing of the easements (5 total) and the filing of the Memorandum Opinion and Order of the United States District Court as requested by the agent/counsel for BellSouth. None of these have been withdrawn.

(Suppl. Resps. [151-1] at p. 12.)

BellSouth's request for exclusion will be granted with respect to Mr. Rodgers. On January 14, 2013, this Court entered its Judgment Removing Cloud on Title [167], to be recorded in the land records of Forrest County to "serve as notice to the world that BellSouth Telecommunications, Inc. has no right, title or interest in or to the aforesaid property and that any and all easements, Memorandum Opinions and Judgments that indicate otherwise, are cancelled and held for naught." Consequently, Marlow's confirmation of title claim, (*see* Am. Compl. [25] at ¶¶ 17-19), and related Motion [139] are moot and any related expert testimony from Mr. Rodgers is unnecessary and thus unimportant.[1]

---

[1] Marlow asserts that Mr. Rodgers' testimony also will be necessary in the event that the jury is allowed to consider an award of punitive damages. (*See* Pl.'s Resp.

It is unlikely that BellSouth would suffer any undue prejudice from Mr. Rodgers

providing testimony as to the chain of title since that is a matter of public record.  Also,

there is no need for a continuance in the absence of any prejudice to BellSouth.

However, as with the supplemental opinions of Mr. Smith, there is no adequate

explanation for Marlow's untimely disclosure of Mr. Rodgers.  The unimportance of the

subject testimony and the inadequate explanation for the late disclosure, taken together,

outweigh the "prejudice" and "continuance" factors in this Court's analysis.  *Cf. Reliance*

*Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir.1997) (finding that the

trial court did not abuse its discretion in denying a motion to supplement an expert's

report where two of the four factors counseled "against allowing a deviation from the

trial court's scheduling order").

### 3.  Mr. Ken West

Marlow's Supplemental Responses provide that Mr. West is a realtor who "would

have knowledge concerning the rental value of commercial property in the Petal,

Mississippi, area and his testimony will be consistent with the testimony of the owner of

the subject property."  (Suppl. Resps. [151-1] at p. 11.)  BellSouth asserts that Mr. West

was not designated as an expert prior to the expiration of Marlow's expert designation

deadline, and that Marlow's untimely disclosure of Mr. West fails to provide the

information required by Fed. R. Civ. P. 26(a)(2)(B).  Marlow asserts that the identity and

testimony of Mr. West were first made known to BellSouth via discovery responses

served on October 21, 2010.  The Court has not been presented with any discovery

_____

[155] at ¶ 13.)  The Court is unable to evaluate the merits of this assertion due to the
absence of any supportive reasoning.

document supporting this assertion.

Testimony regarding the rental value of commercial property in Petal, Mississippi would appear to be important to Marlow's trespass claim for damages. *See Thomas v. Harrah's Vicksburg Corp.*, 734 So. 2d 312, 319 (¶ 17) (Miss. Ct. App. 1999) ("[T]he proper award of damages for common law trespass is the reasonable rental value of the property.") (citation omitted). However, Marlow's failure to disclose any of the expert information required by Rule 26(a)(2)(B)(i)-(vi) as to Mr. West precludes the Court from gauging the importance of his specific testimony. Also, the importance of proposed expert witness "testimony cannot 'singularly override the enforcement of local rules and scheduling orders.'" *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (quoting *Geiserman*, 893 F.2d at 792).

The remaining "prejudice", "continuance" and "explanation" factors, taken together, support the exclusion of Mr. West's testimony for substantially the same reasons provided in the Court's analysis of Mr. Smith's supplemental opinions. Thus, Mr. West will not be allowed to provide expert testimony at trial. This ruling will be reconsidered if Marlow presents the Court with the discovery document showing that Mr. West and his proposed testimony were disclosed to BellSouth prior to the expiration of Plaintiff's expert witness designation deadline.

### 4. Erik Lowrey, Esq.

Mr. Lowrey is the sole member of Marlow. He was identified as a fact witness in Marlow's original interrogatory responses. Mr. Lowrey was not identified as an expert witness in Marlow's timely filed Designation of Experts [67]. BellSouth deposed Mr. Lowrey for approximately five (5) hours on March 16, 2011, in his capacity as Marlow's

Rule 30(b)(6) representative.

Marlow's Supplemental Responses provide in pertinent part:

> Mr. Lowrey also intends to testify as representing the owner of the property regarding the value of the property and a reasonable commercial value. To the extent that this testimony is considered Rule 702 testimony, Mr. Lowrey is being identified as an expert witness under Rule 26(a)(2) of the Federal Rules of Civil Procedure, even though as the owner of the property (or the only member of the limited liability company owner) Mr. Lowrey is qualified to testify as to the value of the property, including the commercial rental value of the portion trespassed upon, utilized and taken by BellSouth Telecommunications, Inc. . . . Mr. Lowery intends to testify that the reasonable rental value of the 4,830 square foot parcel would be not less than $5,000.00 per month. . . . Based upon the foregoing, as of the date of trial of this matter, BellSouth would have utilized the commercial property owned by Marlow, LLC for a period of approximately . . . 73 months and therefore the total rental that would be due and owing to Marlow would be approximately $360,000.00 ($60,000.00 per year multiplied by 6 years).

(Suppl. Resps. [151-1] at pp. 10-11.) The Supplemental Responses also list certain of Mr. Lowrey's qualifications in support of this expected testimony, such as his law practice and his personal sale and lease of commercial properties in Petal, Mississippi since approximately 1985.

The Court must first address whether Mr. Lowrey's proposed testimony falls within the scope of the expert disclosure requirements of the Federal and Local Rules. BellSouth asserts that it does, and thus, Marlow's late disclosure should result in the exclusion of Mr. Lowrey's testimony at trial. Marlow does not take a definitive position on this issue. Instead, Marlow finds that "it may be unclear whether a landowner must be designated under [Rule] 702 . . . ." (Pl.'s Resp. [155] at ¶ 20.)

The Fifth Circuit has clearly held that "the testimony of an owner as to the value of his property is admitted under the Federal Rules of Evidence under Fed.R.Evid. 702." *LaCombe v. A-T-O, Inc.*, 679 F.2d 431, 434 n.4 (5th Cir. 1982) (citations omitted); *see*

*also* Fed. R. Evid. 702 advisory committee's note ("[W]ithin the scope of the rule are not only experts in the strictest sense of the word, . . . but also the large group sometimes called 'skilled' witnesses, such as . . . landowners testifying to land values.").  The expert disclosure requirements of Fed. R. Civ. P. 26(a)(2) and L.U.Civ.R. 26(a)(2)(D) plainly apply to witnesses expected to provide testimony under Rule 702.  No disclosure exception is provided for Rule 702 landowner valuation testimony.  Therefore, Marlow's disclosure of Mr. Lowrey's above-quoted opinions subsequent to its expert designation deadline was untimely and the opinions will not be permitted at trial unless the weight of the *Bradley/Sierra Club* factors counsels otherwise.  *Cf. Magruder v. Amica Mut. Ins. Co.*, No. 1:07cv564, 2009 WL 264130, at *2 (S.D. Miss. Feb. 4, 2009) (holding that plaintiff landowners intending to offer valuation testimony under Rule 702 were required to disclose the substance and bases for their opinions to the defendants); *Certain Underwriters at Lloyds', London v. Coastal Builders, Inc.*, No. 3:05cv689, 2007 WL 2826880, at *3 (S.D. Miss. Sept. 25, 2007) (finding that an owner providing testimony regarding the value of his property must be identified as an expert witness under Fed. R. Civ. P. 26(a)(2)).

As to the "importance" factor, the Supplemental Responses specifically identify Mr. Lowrey's opinions as to the commercial rental value of the subject property.  The Supplemental Responses also disclose the subject matter on which Mr. Lowrey is expected to present testimony, as well as a summary of the facts and opinions to which he is expected to testify.  *See* Fed. R. Civ. P. 26(a)(2)(C).[2]  Thus, the Court has

---

[2] BellSouth argues that this disclosure is inadequate because it does not list the facts or data considered by Mr. Lowrey in forming his opinions.  As noted above, Rule

sufficient information to determine that Mr. Lowrey's proposed testimony is important to the issues to be tried before the jury in this case. *See Thomas*, 734 So. 2d at 319 (¶ 17).

The "prejudice" factor supports exclusion, while the "continuance" factor weighs in favor of allowing the testimony. Allowing Mr. Lowrey to testify in accordance with the above-quoted opinions would likely disrupt BellSouth's trial preparation and may require the preparation of rebuttal expert testimony. *See Geiserman*, 893 F.2d at 791. However, it is not certain that a continuation of the trial would be necessary if Marlow were allowed to rely on Mr. Lowrey's expert testimony. The information provided by Marlow in the Supplemental Responses and by Mr. Lowrey in the five-hour 30(b)(6) deposition of Marlow may be sufficient to allow BellSouth to obtain rebuttal expert testimony and/or to prepare for Mr. Lowrey's cross-examination by the May 13, 2013, trial date. Further, the scope of this information should significantly reduce the length of any continuance if one is found to be necessary. It is also noteworthy that both parties alternatively request a continuance in the event the expert testimony at issue in BellSouth's motion is allowed by the Court. (*See* Def.'s Mot. in Limine [151] at ¶ 7; Pl.'s Resp. [155] at ¶ 14.) The "explanation" factor militates against allowing Mr. Lowrey's expected testimony for the same basis stated under the Court's analysis of Mr. Smith's supplemental opinions.

The preceding findings on the "continuance" factor and the importance of Mr.

---

26(a)(2)(B) requires retained expert witnesses to submit written reports containing such information. However, as Marlow's principal, it appears that Mr. Lowrey would fall under the auspices of Rule 26(a)(2)(C), not Rule 26(a)(2)(B).

Lowrey's testimony to Marlow's claim for damages outweigh any potential prejudice to BellSouth and the "explanation" factor. Therefore, BellSouth's request for the exclusion of Mr. Lowrey's opinions on the basis of untimely disclosure is denied.[3]

In sum, BellSouth's Motion in Limine Regarding Purported Expert Testimony [151] is granted as follows: the supplemental opinions of William Smith, Esq. will be excluded; no expert testimony will be heard from Jay Rodgers, Esq.; and Mr. Ken West will not be permitted to provide expert testimony at trial. The motion is denied in all other respects.

The Court will schedule a telephonic status conference with counsel for the parties prior to the close of business on Friday, April 26, 2013. Counsel should be prepared to discuss what additional litigation measures, if any, are needed in light of the preceding rulings. Counsel for BellSouth should also be prepared to advise the Court of the status of BellSouth's removal of equipment from Marlow's property, and to discuss the fact finder's ability to fix damages in the event that the equipment is not removed by the time of trial. *See City of Jackson v. Lee*, 234 Miss. 502, 106 So. 2d 892, 894-95 (Miss. 1958).

### *Conclusion*

Accordingly, for the reasons outlined above:

---

[3] BellSouth's remaining objections to Mr. Lowrey's opinions can be addressed through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof[,] . . . the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 596, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) (citation omitted); *see also Meredith v. Hardy*, 554 F.2d 764, 765 (5th Cir. 1977) (providing that the accuracy of a property owner's valuation "is a matter for cross-examination and goes merely to the weight and not to admissibility") (citation omitted).

IT IS ORDERED AND ADJUDGED that the Motion in Limine Regarding Indemnification [147] is granted; the Miscellaneous Motion in Limine [148] is granted in part and denied in part; the Motion in Limine Regarding Allegations Related to 2010 Easements and Slander of Title Claim [149] is granted in part and denied in part; and, the Motion in Limine Regarding Purported Expert Testimony [151] is granted in part and denied in part.

SO ORDERED AND ADJUDGED this the 23rd day of April, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE